ELIZABETH H. CHADWICK,

*vs.*

WILLIAM H. GILL and PARKHILL CORPORATION, LIMITED,
a corporation of the State of Delaware.

*New Castle, April* 20, 1928.

*E. Ennalls Berl*, of the firm of Ward & Gray, for complainant.

*Caleb S. Layton*, of the firm of Marvel, Layton & Morford, for defendant corporation.

*Charles F. Curley*, for defendant Gill.

THE CHANCELLOR. The motion will be denied. The pendency of a prior suit in personam in a foreign court, between the same parties for the same cause of action, is no sufficient cause for stay or bar of a suit instituted in a domestic court. *Howard v. Wilmington & Susquehanna R. R. Co.*, 2 *Har.* 471; *White v. Whitman*, 1 *Curt.* 494, 29 *Fed. Cas. No.* 17,561; *Hatch v. Spofford*, 22 *Conn.*

485, 58 *Am. Dec.* 433; *Seevers v. Clermont*, 28 *Mo.* 426, 84 *Am. Dec.* 448; *Lowry v. Hall*, 2 *Watts & S.* 129, 38 *Am. Dec.* 495; *Smith v. Lathrop*, 44 *Pa.* 326; *Cox v. Mitchell*, 7 *C. B.* (*N. S.*) 55, 1414 *Eng. Rep.* 734; Bowen, L. J., in *McHenry v. Lewis*, 22 *Ch. Div.* 397. There is no showing of special facts or circumstances indicating an equity of any sort such as would warrant a stay order. The cases cited by the solicitor for Gill are beside the point. They deal with situations such as the following—suits in two different jurisdictions where the administration of an intestate's estate is involved, it being sought by a suit in one state to acquire administration control of assets found in another state where administration. is proceeding, or where a suit in one state is stayed the purpose of which is to interfere with proceedings of foreclosure of a mortgage on real estate located in another state, or where the courts of one state had in the exercise of appropriate jurisdiction acquired a prior specific lien on a debt by garnishment proceedings and it was sought to secure the interference therewith by similar proceedings later brought in another state. The cases cited by the solicitor for Gill, where a domestic court refused to enjoin prosecution of a prior suit in a foreign court by one of the parties, seem to me to support the rule that the two cases may continue at the same time, rather than the rule that the later one must await the termination of the former. Of course if the prior suit has proceeded to judgment, the court rendering it having jurisdiction, the later suit must end.