LANOVA CORPORATION, a Corporation of the State of Delaware, v. ATLAS IMPERIAL DIESEL ENGINE COMPANY, a Corporation of the State of Delaware. (Two Cases).

(*January* 28, 1949.)

CAREY, J., sitting.

*Hugh M. Morris* and *S. Samuel Arsht* (of Morris, Steel, Nichols and Arsht), *Dennis B. Sullivan* (of New York, N. Y.) and *Arthur H. Boetcher* (of Chicago, Ill.) for plaintiff.

*Caleb S. Layton* (of Richards, Layton and Finger) for defendant.

Superior Court for New Castle County, Nos. 75 and 184, November Term, 1946.

CAREY, J.

The motion for a stay of the present proceedings is predicated upon the defendant's argument that a decision by the Federal Court declaring the patents invalid will render moot the issues in the present suits. It suggests that the cancellation of the patents will mean that they are and were void ad initio and that not only would this defendant be thereby excused from making any further royalty payments, but also would it be entitled to recover any payments it has made in the past. As authority for this contention, the defendant refers to the case of *Hartford-Empire Co.*

*v..Shawkee Mfg. Co.,* (3 Cir.) 163 F. 2d 474, and to certain remarks of Judge Leahy in *United States v. Hartford-Empire Co., (D.C.)* 73 F. Supp. 979. This theory is disputed by the plaintiff, which argues that a cancellation of the patents in the Federal suit would not affect the defendant's liability for royalties accrued prior to the cancellation. It disagrees with the defendant's interpretation of the two Hartford-Empire cases. Furthermore, it contends that Paragraph 13 of the license, quoted above, would control the resulting situation. The defendant denies the applicability of Paragraph 13.

It is not my purpose or intent to decide all these contentions upon this preliminary motion; they are set forth herein merely to indicate the reasons why a stay is sought. They have not been fully argued; the present factual situation demands no such decision; and a final judgement in the Federal suit upholding the patents would eliminate any possible future need of considering them in this Court. I am now concerned only with the questions of whether this Court has the power to grant a stay, and, if so, whether the circumstances existing here warrant the exercise of the power.

With respect to the Court's power, although cases can be found to the contrary (see *Dolbeer v. Stout,* 139 N.Y. 486, 34 N.E. 1102), the true rule in my opinion is well expressed in *Landis v. North American Co.,* 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153. It was there held that the *power* to grant a stay always exists in a Court by virtue of its right to control the disposition of causes on its docket; that the exercise of this power is discretionary; that this discretion may be properly asserted on the ground that another action is pending in a different jurisdiction, even though not between the same parties and even though the issues are not identical in all respects, where that other

action will probably settle or greatly simplify the issues presented. It is, of course, a discretion which will be used sparingly and only upon a clear showing by the moving party of hardship or inequity so great as to overbalance all possible inconvenience of delay to his opponent. Notwithstanding what was said in *Howard v. Wilmington and S. Railroad Company*, 2 *Harr.* 471, I do not conceive that this holding in any way violates Article 1, Section 9 of the Delaware Constitution, which guarantees justice "without * * * unreasonable delay." Moreover, the holding in *Chadwick v. Gill*, 16 *Del. Ch.* 127, 141 *A.* 618, is not inconsistent herewith. There the Chancellor held that the mere pendency of another suit in another jurisdiction between the same parties involving the same cause of action, without more, is not a sufficient reason to justify a stay. He did, however, mention certain instances when a suit in equity might be stayed pending the outcome of other litigation in a foreign jurisdiction.

 The stay sought is somewhat analogous to a continuance. The latter word is usually applied when the trial of a case is postponed from one term to the next, or until some later date in the same term. The word "stay" more frequently refers to a postponement of all future proceedings in a case until the happening of a certain event, regardless of any term of Court. Cases like *Simon v. Pyrites Co.*, 2 *W. W. Harr.* 581, 128 *A.* 370, dealing with abatement of common law actions as contrasted with a mere stay, are therefore not strictly in point. In *Kirwan Mfg. Co. v. Truxton*, 1 *Penn.* 409, 42 *A.* 988, a continuance was granted in this Court because a principle of law involved in the pending suit was then before the Supreme Court of this State in another case. It was pointed out that one of the issues would become moot if the Appelate Court decided the legal question a certain way.

 I am further satisfied that the extremely peculiar factual situation existing in this instance is sufficiently unusual to warrant the exercise of that power. It would require much time and space to set forth all the different considerations which impel this conclusion. It will suffice to say that, because of the many involved legal points which will arise in this Court if Lanova loses in the Federal action, serious hardship might result to the defendant here by a refusal of the stay. Contrasted with the defendant's exceedingly difficult position, no disadvantage to the plaintiff is suggested save those usual inconveniences resulting from delay in any litigation. In my opinion, the circumstances warrant a stay; the suggested duration thereof seems reasonable, i. e., until the District Court has decided or otherwise disposed of the case therein pending, not including any time consumed in any appeal therefrom.

An order to the foregoing effect may be submitted .