ELIAS AUERBACH,
Appellant, Plaintiff below,

C. PERRY KING, Appellant,
Plaintiff-Intervenor below,

*vs.*

CITIES SERVICE COMPANY, and ARKANSAS FUEL OIL CORPORATION,
Appellees, Defendants below.

*Supreme Court on Appeal November 19, 1957.*

*Russell J. Willard, Jr.,* of Hastings, Lynch & Taylor, and *Richard F. Corroon,* of Berl, Potter & Anderson, Wilmington, and *Percival E. Jackson* and *Theodore N. Tarlau,* New York City, for appellants.

*Caleb S. Layton* and *Henry M. Canby,* of Richards, Layton & Finger, Wilmington, and *Joseph L. Weiner, Eugene R. Sullivan,* and *Everett W. Young,* New York City, for appellant Cities Service Co.

*Howard L. Williams,* of Morris, James, Hitchens & Williams, Wilmington, and *H. C. Walker, Jr.,* of Blanchard, Goldstein, Walker & O'Quinn, Shreveport, La., for appellee Arkansas Fuel Oil Corp.

SOUTHERLAND, Chief Justice: In its opinion filed October 11, 1957, 134 *A.2d* 846, in the above case, this Court held that certain claims in suit here, arising under the 1945 contract between Arkansas and Cities, were included within Cities' offer to settle intercompany claims and were discharged in consequence of the reorganization proceedings before the Securities and Exchange Commission. We reserved for further consideration the question as of what date such claims are barred.

We have now received supplemental memoranda of counsel with respect to the point. The stockholders argue first, that the effective date should be fixed as February 13, 1952, the date of the conclusion of the hearings before the Commission; and second, if this date be not determined to be the correct date, then the date of the approval of the plan, October 1, 1952, should be selected. Counsel for Cities and Arkansas agree that the correct date is October 1, 1952.

Upon consideration of the matter we are of opinion that October 1, 1952 is the correct date. The date of the closing of the hearings was a fortuitous one. The Commission could, of course, upon a proper showing, have reopened the case. The final disposition of the matter came with the approval of the plan of reorganization by the Commission and the consequent extinguishment of the claims existing at that time.

The judgment below is reversed and the cause is remanded to the Court of Chancery for New Castle County, with instructions to vacate the judgment entered March 28, 1957, and to enter such order, and to take such further proceedings, as may not be inconsistent with the opinions of this Court.