CHARLES H. WINSOR, individually and as Administrator of the Estate of Alma L. Winsor, Deceased, Plaintiff, v. UNITED AIR LINES, INC., Defendant.

(*September* 12, 1958.)

CHRISTIE, J., sitting.

*Stewart Lynch* and *Robert B. Walls, Jr.,* and *Theodore E. Wolcott* (of New York) for Plaintiff.

*Harvey S. Kronfeld* for Defendant.

Superior Court for New Castle County, No. 913, Civil Action, 1957.

CHRISTIE, J.:

Plaintiff's wife was killed in the crash of a United Air Lines plane on November 1, 1955, in Colorado. Plaintiff brings this action in his own name and as administrator of his wife's estate, alleging negligence on the part of United as to the crash and as to the manner in which United returned the remains of the deceased to plaintiff's place of residence in Newfoundland.

The action was commenced in this Court on August 30, 1957, and upon defendant's petition, it was removed on September 23, 1957, to the United States District Court for the District of Delaware. Plaintiff there moved to remand the case to this Court, and on January 30, 1958, that motion was granted on the basis that the existence of a federal question was doubtful. *D. C.,* 159 *F. Supp.* 856.

On March 3, 1958, defendant filed a motion in this Court to dismiss the action or stay proceedings until the United States District Court for the District of Colorado finally disposes of a substantially similar action between the same parties which is pending there. The request for such action in this Court is bot-

tomed in the doctrine of *forum non conveniens.* It is claimed that the application of such doctrine to this case is particularly appropriate in view of the special circumstances surrounding the case and also in view of the history of the case now pending in the United States District Court in Colorado.

The Colorado case was originally filed in the United States District Court for the District of New York in February, 1957. In that case, defendant moved that Court under 28 *U. S. C.* § 1404(a) to dismiss the action or transfer it to the United States District Court for the District of Colorado for the convenience of the parties and witnesses and in the interests of justice. The motion was argued before Judge Mortimer W. Byers of the New York District Court. In the brief and in oral argument, plaintiff resisted any transfer, but urged that if the case were to be transferred anywhere, the Court should transfer it to the District Court in Delaware and not to the District Court in Colorado. In an opinion dated June 25, 1957, the Court holds that the case should be transferred to the District Court in Colorado. *D. C.,* 153 *F. Supp.* 244.

After the opinion was filed plaintiff filed a proposed order wherein he sought leave to dismiss his action in the New York District Court in order to file an action in the appropriate Court of the State of Delaware. That Court rejected plaintiff's request and instead entered an order transferring the pending action to the District Court in Colorado. Such action is still pending in that District. On July 29, 1958, the United States District Court in Colorado entered an order denying plaintiff's motion to dismiss the federal case. The same order denied a motion by defendant to restrain plaintiff from prosecuting "another action involving the same issues elsewhere" (*i.e.,* this action in this Court).

Defendant argues first that the issues raised by its motions in this case are substantially similar to those raised and decided in its favor in the New York District Court. Plaintiff in turn

insists that the decision of the United States District Court in New York was based upon a federal statute not applicable to state courts (28 *U. S. C.* § 1404(a)) and upon the federal cases decided pursuant thereto which are not applicable here. It is apparent that the issues raised in the New York case are not technically identical to those raised here, that the federal statute does not apply here and that much of the federal case law is not directly applicable to the motions now pending in this Court. Nevertheless, the decision of the United States District Court did involve many of the same considerations which are here relevant. Although the decision of the District Court has been considered in arriving at a decision, I have reconsidered all of the points there decided in the light of the much less clearly defined doctrine of *forum non conveniens* as recognized in state courts.

Defendant points out that several other cases arising out of the same airplane crash were started in various United States District Courts and that all of these have been either dismissed or transferred to the District Court in Colorado. Again, this is indicative of the treatment which might be afforded to this case in the federal courts. Such treatment of the other cases is of importance, but does not necessarily indicate that a similar result must follow here. This Court does not have the benefit of a statute on this point nor does it have a right to transfer the case. Furthermore, this case raises several issues not present in any of the other cases arising out of the accident.

The doctrine of *forum non conveniens* or its statutory successor became an important part of our federal law after the decisions of the United States Supreme Court in *Gulf Oil Corp. v. Gilbert,* 1947, 330 *U. S.* 501, 67 *S. Ct.* 839, 91 *L. Ed.* 1055 and *Koster v. Lumbermens Mutual Casualty Co.,* 1947, 330 *U. S.* 518, 67 *S. Ct.* 828, 91 *L. Ed.* 1067.

Although the federal law was thereafter codified in what is now 28 *U. S. C.* § 1404(a), the *Gulf* case was decided without

such statutory background. Thus, the general principles and tests laid down in the *Gulf* case are often referred to and followed by state courts. The Supreme Court in the *Gulf* case indicated that the following factors were important in determining whether a Court before which a case had been brought should decline to hear the case on account of the existence of a more convenient forum:

"If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name. An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." 67 *S. Ct.* 839, 843.

The state courts have not applied the doctrine of *forum non conveniens* as freely as the federal courts and many state courts have never used it. However, a growing number of jurisdictions have applied it or recognize it. See the law review articles in 20 *Col. L. Rev.* 1 (1929), 43 *Harv. L. Rev.* 1217 (1930), and 35 *Calif. L. Rev.* 380 (1947), and particularly the recent lists in the notes of 4 *St. L. Univ. L. Journal* 198 (1956) and 2 *Wash. Univ. L. Quarterly* 165 (1957).

As has been indicated, I recognize that there is an important distinction between the application of the doctrine by a state

court so as to dismiss the case and the application of the doctrine by a federal court so as to transfer the case under federal statute. However, the pendency of a substantially similar action in a federal court destroys much of the effect of such distinction as it applies to this case. This factor tends to distinguish this case from some of those cited by plaintiff.

I have made a study of the factors listed in the *Gulf* case and those most often considered in the leading state cases on *forum non conveniens,* and I have attempted to apply the facts of this case thereto. I conclude:

1. Proof is more accessible in Colorado.

2. Compulsory process, if required, would be effective as to a larger percentage of those on whom it might be used in Colorado.

3. The total cost of obtaining the testimony of willing witnesses would be less in Colorado.

4. The federal law and the law of Colorado will be applied and Delaware law will have little or no application.

5. This dispute has important elements of fact and law in common with other suits already pending in the United States District Court in Colorado.

6. The private convenience of defendant favored Colorado and that of the plaintiff favors Delaware. The extra funds which defendant would expend if the case were heard in Delaware as opposed to Colorado, would be considerably greater than the extra expenses of plaintiff if plaintiff must go to Colorado.

7. Since another case between the same parties is pending in the United States District Court in Colorado, there is no danger that plaintiff's opportunity to be heard would be cut off by any limitations or technical difficulties with service or venue.

8. Defendant's choice of Delaware as a State of incorporation is its only relevant contact with this jurisdiction.

No one of these factors alone would be determinative. But taking all things into consideration, I conclude that the balance of circumstances strongly favors the application of *forum non conveniens* so as to preclude the trial of this case in this jurisdiction. I conclude, therefore, that if I have authority to exercise discretion in this matter, I should dismiss the case.

Plaintiff takes serious issue with several of the conclusions reached above and also maintains in effect that there is no authority vested in this Court which would permit me to grant defendant's motion.

█ This Court has stayed proceedings on account of a pending action in another forum. *Lanova Corporation v. Atlas Imperial Diesel Engine Co.*, 1949, 5 *Terry* 593, 64 *A.* 2d 419. I am of the opinion that this Court is free to apply the doctrine of *forum non conveniens* in appropriate cases and to stay or dismiss an action.

Plaintiff next contends that state courts apply the doctrine only where neither the plaintiff, the defendant, nor the cause of action is related to the forum, and since defendant is a Delaware corporation, it may not invoke the doctrine. Defendant cites a great deal of authority for this proposition and it is apparent that many jurisdictions, including New York State, adhere to such rule. *Vigil v. Cayuga Const. Corp.*, 1945, 185 *Misc.* 675, 54 *N. Y. S.* 2d 94; cases collected in 32 *A. L. R.* 2d 800. Defendant, on the other hand, cites the recent case of *Gore v. United States Steel Corporation*, 1954, 15 *N. J.* 301, 104 *A.* 2d 670, 48 *A. L. R.* 2d 841. Although the *Gore* case differs from the case at bar in some important respects, I find it persuasive as to the points here raised. I feel that no specific statutory authority is required and that defendant's position here is as strong as was defendant's position in the *Gore* case.

Plaintiff has raised a number of other important points which have been considered and resolved in a manner not inconsistent with the result announced herein.

 I conclude that the doctrine of *forum non conveniens* should be applied in this case and that this Court is free in its discretion to apply such doctrine.

Defendant's motion to dismiss is granted.