ELIAS AUERBACH,
Plaintiff,

and

C. PERRY KING,
Plaintiff-Intervenor,

*vs.*

CITIES SERVICE COMPANY, a corporation of the State of Delaware, and ARKANSAS FUEL OIL CORPORATION, a corporation of the State of Delaware,
Defendants.

WILLIAM J. HEARN,
Plaintiff,

*vs.*

CITIES SERVICE COMPANY, a corporation of the State of Delaware, and CITIES SERVICE REFINING CORPORATION, a corporation of the State of Delaware, and ARKANSAS FUEL OIL CORPORATION, a corporation of the State of Delaware,
Defendants.

*New Castle—October 24, 1958.*

*Russell J. Williard, Jr.,* of Hastings, Lynch & Taylor, Wilmington, for plaintiff, Elias Auerbach.

*Richard F. Corroon,* of Berl, Potter & Anderson, Wilmington, and *Percival E. Jackson,* New York City, for plaintiff-intervenor, C. Perry King.

*William Duffy, Jr.,* of Herrmann & Duffy, Wilmington, and *Harold B. Dondis,* of Rich, May & Bilodeau, Boston, Mass., for plaintiff, William J. Hearn.

*Thomas G. Meeker* and *Solomon Freedman,* Washington, D. C., for Securities and Exchange Commission, amicus curiæ by leave of Court.

*Henry M. Canby,* of Richards, Layton & Finger, Wilmington, and *Joseph L. Weiner,* New York City, for defendants, Cities Service Co. and Cities Service Refining Corporation.

*Howard L. Williams,* of Morris, James, Hitchens & Williams, Wilmington, for defendant, Arkansas Fuel Oil Corporation.

MARVEL, Vice Chancellor: These cases, as presently consolidated, are being readied for trial of the preliminary issue of whether the directors of Arkansas Fuel committed such a breach of their fiduciary duty to the stockholders of that corporation as to entitle plaintiffs and plaintiff-intervenor to an accounting of moneys allegedly due Arkansas as a result of operations under a so-called hypothetical refinery contract between Cities and Arkansas for the period following Securities and

Exchange Commission approval [1] of a reorganization settlement which involved earlier claims under said contract.

In August of 1956, some seven months after the filing of the Auerbach complaint in this Court, Cities Service Company's 1949 application for exemption [2] from the provisions of the Act was denied on the grounds *inter alia* that the continued existence of a 48.5% publicly held stock interest in Arkansas Fuel Oil Corporation was a violation of section 11 of the Act (15 *U.S.C.A.* § 79k) and that this condition could be "* * * satisfactorily rectified only by eliminating the public minority interest in Fuel Oil or by Cities disposing of its interest in Fuel Oil" (Release No. 13254).

While the claims here involved were advanced before the Commission in such proceeding, they were not examined or adjudicated, the Commission taking the position in its Release No. 13254 that such claims should be considered as a part of the Commission's exercise of jurisdiction in determining the fairness of a plan, filed under § 11(d) or 11(e) of the Act (15 *U.S.C.A.* § 79k(d) and (e).

A reasonable opportunity having been afforded to submit an appropriate program of compliance, on September 18, 1958, Cities filed such a proposed plan under § 11(e) of the Act. On October 6, 1958, the Securities and Exchange Commission issued a notice and order for a hearing on such plan (Release No. 13840) which notice stated that an issue to be considered at the hearing is:

> "Whether past and present transactions between Fuel Oil and its subsidiaries on the one hand and Cities and its other subsidiaries on the other hand are or have been such as to require adjustment of the proposed division of the assets of Fuel Oil in

1. Effective October 1, 1952. For the facts concerning such reorganization and the nature of the claims here asserted, see opinion of this Court in *129 A.2d 774* and opinions of the Supreme Court of Delaware in *134 A.2d 846*; *136 A.2d 219* and *143 A.2d 904*.

2. Cities, admittedly a registered holding company, acting for itself and each of its subsidiaries sought exemption under the provisions of § 3(a) (5) of the Public Utility Holding Act of 1935 (15 *U.S.C.A.* § 79c(a) (5).

order to make the plan fair and equitable to the public holders of the common stock of Fuel Oil and to Cities; and, if so, the extent of such adjustment."

Court review of a Commission order is provided for by § 24(a) of the Act (15 *U.S.C.A.* § 79x(a)), and the reviewing court is granted "* * * exclusive jurisdiction to affirm, modify, or set aside such order, in whole or in part * * *". On the other hand judicial enforcement of an order may be sought as was the case with the 1952 re-organization settlement alluded to earlier in this opinion.

On Friday, October 17, 1958, general counsel for the Commission sought and was granted leave of Court to appear on Monday, October 20 for the purpose of suggesting that the scheduled trial in this Court be stayed, and on Monday a written suggestion was filed in open court. Over defendants' objection further leave of Court was granted to the Commission through its counsel to support such suggestion as amicus curiæ. At the same time plaintiffs and plaintiff-intervenor formally moved for a stay.

The suggestion of the Securities and Exchange Commission states in part:

"The claims involved in the action in this Court are included within the 'past and present transactions' referred to in the foregoing notice of hearing and must be resolved in connection with any determination as to the fairness of the plan filed by Cities with the Commission. On the other hand, the action in this Court does not embrace all the transactions that must be considered in the Commission proceeding in connection with its statutory functions."

In its opinion reported in 134 *A.2d* 846, the Supreme Court of Delaware decided that Commission approval of the reorganization plan did not constitute blanket approval of Cities' accounting methods, pointing out that in the subsequent exemption proceeding the Commission had stated that the inter-company monthly statement reflect

errors and that the operation of the contract necessarily involved a conflict of interest between Cities and Arkansas. As a result of such ruling the case was remanded for trial here of those claims which postdate Commission approval of the reorganization settlement plan.

The question thus presented is should the presently scheduled trial of the separated issue of director good faith or the right to an accounting be continued on the theory that the comprehensive proceedings scheduled to begin in December of this year before the Securities and Exchange Commission will not only effectuate the broad public purposes envisaged by Congress in enacting the Public Utility Holding Company Act, but will incidentally dispose of the derivative claims here asserted, *Palumbo v. Electric Bond and Share Co., D.C. S.D.N.Y.,* 58 *F.Supp.* 356; *Illinois Iowa Power Co. v. North American Power and Light Co., D.C.Del.,* 49 *F.Supp* 277, and *Dederick v. North American Company, D.C.S.D.N.Y.,* 48 *F.Supp.* 410.

No contention is made that the Public Utility Holding Act controls minority stockholder rights and remedies in the complicated field of public utility holding companies, thereby eliminating the jurisdiction of this Court over a traditional derivative stockholder's suit for the benefit of a Delaware corporation. In fact, claims under the Act may be privately asserted in a federal court, *Goldstein v. Groesbeck,* 2 *Cir.,* 142 *F.2d* 422, 154 *A.L.R.* 1285, certiorari denied 323 *U.S.* 737, 65 *S.Ct.* 36, 89 *L.Ed.* 590. Rather, the theory behind the granting of stays of similar private derivative suits in the above federal decisions is that comity and common sense require private litigants to stand aside when a federal commission in carrying out the broad purposes of the Act under Congressional mandate proposes to hear the facts in support of derivative claims as an incident to determining the fairness of a comprehensive plan.

Applications by defendants for stays have been denied in the courts of Delaware apparently on the theory that a plaintiff has an absolute right to bring the same cause of action in one or more forums and may proceed simultaneously with several suits unless vexation is shown, *Howard v. Wilmington & S. R. Co.,* 2 *Har.* 471; *Chadwick v.*

*Gill,* 16 *Del.Ch.* 127, 141 *A.* 618, and 19 *A.L.R.2d* 301, at page 309. Here, however, plaintiffs and not defendants have moved for a stay.

Defendants contend vigorously that they are entitled to go to trial now in this Court and to have their rights adjudicated in a forum selected by the plaintiff, Auerbach; that a favorable decision here on the separated issue can be relied on by them before the Securities and Exchange Commission, and that it would be inequitable and wasteful for them to be required to have these suits for derivative money judgments continued at this late date after several years of litigation and many months of trial preparation. It is further pointed out that the stay cases relied on by plaintiffs were federal court actions in their early stages and that no state case presenting a situation analogous to the one here has been cited.

I am unable, however, to discern any valid basis for distinguishing the federal cases from the ones at bar despite their origin and despite the fact that the Securities and Exchange Commission here participated in the argument for a stay as amicus curiæ and not as a formal intervenor. The point is that Congress acting under the commerce clause created an overriding federal authority to safeguard the rights of public stockholders of registered holding companies and their subsidiaries, and the claims here made, which are not personal but derivative, may more appropriately be considered and determined in the presently scheduled Commission hearing.

Had such a hearing not been sought or was not now scheduled to begin shortly, defendants might properly oppose any further delay in this long pending action, however, orderly procedure now requires that these cases (which have not yet even approached the stage of consideration of the merits of the claims asserted) not be preliminarily tried pending the completion of comprehensive hearings before the Securities and Exchange Commission or until the further order of the Court. Compare *Lanova Corporation v. Atlas Imperial Diesel Engine Company,* 5 *Terry* 593, 44 *Del.* 593, 64 *A.2d* 419, and *In re Western Airlines Inc., ante p.* 267, 140 *A.2d* 777.

Order on Notice.