GENERAL FOODS CORPORATION,
a Delaware corporation, Plaintiff Below,
Appellant,

*vs.*

CRYO-MAID, INC.,
a Delaware corporation, Defendant Below,
Appellee.

*Supreme Court on Appeal, March 5, 1964.*

*Arthur G. Connolly* of Connolly, Bove & Lodge, Wilmington, and *Albert L. Cuff* and *Michael J. Quillinan,* White Plains, N. Y., for General Foods Corp.

*William S. Potter* and *Hugh Corroon,* of Berl, Potter & Anderson, Wilmington, and *G. Gale Roberson* of Harvey, Hodes & Mantyndand, Chicago, Ill., for Cryo-Maid.

TERRY, C. J., and WOLCOTT and CAREY, JJ., sitting.

WOLCOTT, Justice: This is an appeal from an order of the Vice Chancellor staying further prosecution of the action below until further order of the court, and denying a motion to enjoin Cryo-Maid from prosecuting further an action filed by it in the State of Illinois.

This is an action for declaratory judgment to establish the rights and obligations of General Foods and Cryo-Maid under an agreement entered into between them. Briefly, the parties entered into a contract under which Cryo-Maid agreed to turn over to General Foods for commercial exploitation, after testing, an allegedly novel and secret process for the freeze-drying of certain foods and beverages. Under the agree-

ment a period of time was allowed for the determination of whether or not the process met certain standards of performance as defined in the agreement. If those standards were met, then General Foods had an option to purchase Cryo-Maid's assets or to terminate the option by the payment of a stipulated sum.

A dispute arose between the parties which resulted in extensive negotiations in an attempt to arbitrate the dispute. When it became apparent that the dispute between the parties could be resolved solely by litigation General Foods filed this action on May 13, 1963 for declaratory judgment to establish the rights of the respective parties.

On May 15, 1963 Cryo-Maid filed an action for declaratory judgment for the same purpose in the Circuit Court of Cook County, Illinois. General Foods moved to dismiss the Illinois action. On June 3 Cryo-Maid dismissed its first Illinois action and filed at the same time a second action in Illinois for breach of the contract. In this second action it was charged that General Foods had improperly repudiated its contractual obligations after learning of Cryo-Maid's secret process and during negotiations looking to a settlement of the parties' differences had instituted the Delaware action now before us in this appeal.

Cryo-Maid in the court below moved to dismiss the complaint or, in the alternative, for a stay of further prosecution of the Delaware action in order to permit it to go forward with the pending action in Illinois. At the same time General Foods moved to enjoin Cryo-Maid from further prosecuting the Illinois action and for injunctive relief to protect its trade secrets allegedly confided to Cryo-Maid.

The Vice Chancellor denied Cryo-Maid's motion to dismiss but granted a stay of further prosecution of the Delaware action and refused to enjoin Cryo-Maid from the prosecution of the Illinois action. As a condition of this action the Vice Chancellor provided that if, after the expiration of 60 days, it appeared that the stay was operating in an inequitable manner, General Foods could move to dissolve the stay. It may be noted that the Vice Chancellor's order was entered September 30, 1963 and, hence, the 60-day period within which General Foods could not move for further relief before the Chancellor has expired.

This appeal is from an interlocutory order granting a stay and settling no substantial legal rights. To be sure, General Foods argues as a matter of law that its suit having been filed prior in time to the Illinois suit, it has a right to prosecute it to conclusion, and that to deprive it of this right in a forum of its selection is the deprivation of a substantial legal right. For reasons which will appear hereafter, however, we disagree.

■ This being an interlocutory appeal from an order not settling substantial rights, the function of this Court is clear. Our sole power in this respect is to review the action taken by the Vice Chancellor in order to determine whether or not his act constitutes an abuse of discretion. *Consolidated Fisheries Co. v. Consolidated Solubles Co.,* 34 *Del.Ch.* 60, 99 *A.2d* 497.

■ There is little doubt that under the law of this State the granting or denial of a stay by a trial court lies within the discretion of the trial court. *Auerbach v. Cities Service Co.,* 37 *Del.Ch.* 381, 143 *A.2d* 904; *Lanova Corporation v. Atlas Imperial Diesel Engine Co.,* 5 *Terry* 593, 64 *A.2d* 419.

■■ When similar actions between the same parties involving the same issues are filed in separate jurisdictions the court in which either of said actions is filed may in the exercise of its discretion hold that action in abeyance to abide the outcome of the action pending in the other court. The power is inherent in every court and flows from its control over the disposition of causes on its docket. The decision is one to be made in the light of all the circumstances in order to determine the best and most economical means of determining the controversy. 1 *Am.Jur.2d, Actions,* § 92; 1 *C.J.S. Actions* § 133c(1); *Annotation,* 19 *A.L.R.2d* 317; *Restatement, Conflict of Laws,* § 619, comment a.

■ Ordinarily the action first in time will not be stayed to permit the prosecution to conclusion of a subsequent action filed in another forum. This does not, however, follow always as a hard and fast rule. The circumstances of the litigation may be such as to make it desirable to stay the first action, and to permit the subsequent action to proceed to conclusion. 1 *Am.Jur.2d, Actions* §§ 94, 95; *Annotation,* 19 *A.L.R. 2d* 323, § 8.

We think the foregoing statement has been recognized by the courts of this State.

In *Chadwick v. Gill* et al., 16 *Del.Ch.* 127, 141 *A.* 618, the Chancellor refused to stay prosecution of a complaint to adjudicate the ownership of certain shares of stock of a Delaware corporation on the ground that there was then pending in England a suit between the same parties upon the same controversy. In so ruling, however, the Chancellor recognized an exception to the rule to the effect that if special facts or circumstances indicated "an equity of any sort" then a stay of the action in Delaware might be warranted.

Similarly, in *Connecticut Mut. Life Ins. Co. v. Merritt-Chapman & Scott Corp.*, 19 *Del.Ch.* 103, 163 *A.* 646, the Chancellor refused to stay the prosecution of an action before him for the cancellation of an insurance policy on the ground that one day later an action seeking recovery of the proceeds of the same policy had been instituted in the State of New York. The denial of a stay in this case seems to have been based primarily on the fact that the action pending in Delaware was an equitable one while the action instituted in New York was a law action for damages and, also, apparently on the implied thought of the Chancellor that the New York action was a deliberate attempt to oust jurisdiction acquired over the subject matter, viz., the policy of insurance.

We think the cited authorities are sufficient to indicate that there is no hard and fast rule applied in Delaware either granting or denying a stay of prosecution of a Delaware action by reason of the pendency of a similar action in another jurisdiction. The authorities recognize that in some circumstances a stay of the Delaware action might well be desirable.

It is true that in the early case of *Howard v. Wilmington & Susq. R.R. Co.*, 2 *Harr.* 471, an apparently different rule was stated. If this early case is to the contrary, it is overruled to the extent necessary to comply with our present ruling.

The question therefore for our decision is whether or not the circumstances surrounding the controversy between these parties are

such as to make it desirable to stay prosecution here in Delaware and to permit the controversy to be settled by the courts of Illinois.

The motion is not unlike a motion based upon the doctrine of *forum non conveniens*. While the application of this doctrine would require the dismissal of an action, in principle we can see no difference between a stay based upon similar grounds and an actual dismissal of the action itself. In *Winsor v. United Air Lines, Inc.*, 2 *Storey* 161, 154 *A.2d* 561, an action pending in the Superior Court of this State was dismissed on the doctrine of *forum non conveniens*, by applying the rules laid down in *Koster v. Lumbermens Mutual Casualty Co.*, 330 *U.S.* 518, 67 *S.Ct.* 828, 91 *L.Ed.* 1067.

Thus proper to be considered are the following matters: (1) The relative ease of access to proof; (2) the availability of compulsory process for witnesses; (3) the possibility of the view of the premises, if appropriate, and (4) all other practical problems that would make the trial of the case easy, expeditious and inexpensive. We add a further factor—whether or not the controversy is dependent upon the application of Delaware law which the courts of this State more properly should decide than those of another jurisdiction.

We turn now to the facts and circumstances submitted to the Vice Chancellor as grounds for the stay granted by him.

Cryo-Maid is a relatively small, locally-established corporation with its sole plant in Illinois, at which the preliminary process under the contract between the parties took place. General Foods is a large corporation operating throughout the United States with its principal office in the environs of New York City.

None of the witnesses to be called in this litigation reside in Delaware and, in all probability, Cryo-Maid's witnesses are all residents of the Chicago area in which its plant is located.

There is some hint furthermore in the Vice Chancellor's opinion that he regarded the filing of the Delaware action as possibly a jockeying by General Foods for position and a selection of a forum which might or might not harass Cryo-Maid in its defense.

All of these matters appear from the various complaints which were all before the Vice Chancellor and from a number of affidavits filed in support of the motions of both sides.

We note also that the rights of the parties are to be determined in accordance with the law of the State of New York and that, accordingly, there is no connection between Delaware and this controversy of a compelling nature. They appear in our courts solely by reason of the fact of their incorporation here.

Since we are reviewing here an act of judicial discretion, we think there is insufficient in this record to indicate that the Vice Chancellor's act could be said by us to be an abuse of his discretion. Our function is not to substitute our judgment for his as though we had before us an original application. We can only examine the record to determine if possible whether or not there could be a reasonable difference of view upon the propriety of his act. If there can be such a different reasonable view, then we have no course but to affirm his act.

General Foods argues, however, that it cannot obtain full relief in the Illinois action, a prerequisite to a stay in one jurisdiction on the ground of the pendency of a similar action in another. The argument runs thus. In its complaint in Delaware General Foods requests injunctive relief against Cryo-Maid to prevent the disclosure by it of trade secrets passed along to Cryo-Maid by General Foods' employees in the course of the preliminary survey of Cryo-Maid's secret process. To be sure, there is no current application pending in the Illinois action to provide this protection, but it is conceded by both sides that if General Foods so desired such an application could be made in Illinois and that it is within the powers of the Illinois court to grant or deny.

Furthermore, by the condition in his order of stay, the Vice Chancellor reserved to General Foods the right to reapply after 60 days, a time now expired, for the protection by injunction against such disclosure.

Under the circumstances, we think that if the Illinois action is permitted to proceed, the rights of these parties under the contract in controversy which are in direct issue in the Illinois action can be deter-

mined, and if protection for General Foods' trade secrets is needed, that also can be obtained in the Illinois action or, if denied there, can be obtained before the Vice Chancellor.

While General Foods complains further that it will be subject to harassment if it must try its case in Illinois due to the fact that its witnesses all live in the New York area, we think that the additional mileage does not amount to harassment. In any event, we cannot say the Vice Chancellor was wrong in concluding that it was more harassing to Cryo-Maid to bring its witnesses to Delaware, some of whom at least are not in its employ, than it would be for General Foods to require its employees to testify in Chicago.

■ The matter is one to be determined as a discretionary act in the light of all the facts and circumstances and in the interest of expeditious and economic administration of justice. The Vice Chancellor has decided upon this basis and there is in this record nothing which shows him clearly to have been wrong.

Under the circumstances therefore the judgment is affirmed.