**SPERRY RAND CORPORATION, a Delaware corporation, Plaintiff,**

v.

**UNITED ENGINES, INC., a Delaware corporation, Defendant.**

Superior Court of Delaware.

New Castle.

Dec. 8, 1969.

Richard J. Abrams, Richards, Layton & Finger, Wilmington, for plaintiff.

Arthur J. Sullivan, Richard P. Beck, Morris, James, Hitchens & Williams, Wilmington, for defendant.

QUILLEN, Judge.

On September 5, 1967, the plaintiff Sperry Rand Corporation, (hereinafter "Sperry Rand"), a Delaware corporation, entered into a written agreement of lease with the defendant United Engines, Inc. (hereinafter "United Engines"), also a Delaware corporation, whereby the plaintiff's UNIVAC Division agreed to provide, install, and service certain specified equipment at United Engines' Office in Shreveport, Louisiana.

On January 10, 1969, United Engines filed a complaint against Sperry Rand in

the First Judicial District, Caddo Parish, Louisiana for losses incurred by UNIVAC's failure to comply with the lease agreement. On February 29, 1969, Sperry Rand filed a complaint against United Engines in this Court for rentals due on the accounting machines under the September 5, 1967 lease agreement. On March 17, 1969, United Engines amended its original Louisiana complaint and sought a declaratory judgment regarding its liability for rentals of the accounting machines from Sperry Rand. It should be noted that the amendment in the Louisiana suit raised for the first time the alleged invalidity of the contract between the parties. Sperry Rand has not sought any affirmative relief in the Louisiana suit.

On April 11, 1969, United Engines filed a motion to stay the instant proceedings until the suit pending in Louisiana has been decided on the ground that the issues in the Delaware action are included among those in the Louisiana action and the decision in Louisiana will settle all the questions of law and fact involved in this action. This opinion constitutes the Court's decision on the defendant's motion for a stay.

After considering all the facts and circumstances, it is my opinion that the defendant has not met the burden of showing hardship and inequity which is required for the Court to grant a motion to stay.

■ There can be no question that this Court has the power to grant a stay. The rule is stated in Lanova Corporation v. Atlas Imperial Diesel Engine Co., 44 Del. 593, 64 A.2d 419 (Super.Ct.1949), where Judge Carey adopted the explanation in Landis v. North American Co., 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153, 158 (1950) as follows:

" * * * the power to grant a stay always exists in a Court by virtue of its right to control the disposition of causes on its docket; that the exercise of this power is discretionary; that this discretion may be properly asserted on the

ground that another action is pending in a different jurisdiction, even though not between the same parties and even though the issues are not identical in all respects, where that other action will probably settle or greatly simplify the issues presented. *It is, of course, a discretion which will be used sparingly and only upon a clear showing by the moving party of hardship or inequity so great as to overbalance all possible inconvenience of delay to his opponent.*" (Emphasis added.)

■ In *Lanova,* the Court felt that the "extremely peculiar factual situation" warranted the exercise of the Court's discretion and the stay was granted. The Court reasoned that the serious hardship that might result to the defendant by refusing to grant the stay, when balanced against the slight disadvantage to the plaintiff, weighed in favor of the defendant. The Court reaffirmed the general rule that the mere pendency of another suit in another jurisdiction between the same parties involving the same cause of action, without more, is not sufficient reason to grant a stay. Chadwick v. Gill, 16 Del.Ch. 127, 141 A. 618 (Ch.1928).

■ The fact that, if the plaintiff asserted its claim in Louisiana, the Louisiana action could dispose of both lawsuits is not in itself sufficient to grant the stay. The discretionary power of the Court is exercised "only upon a clear showing by the moving party of hardship or inequity so great as to overbalance all possible inconvenience of delay to his opponent." The cases where similar applications were favorably considered demonstrates the law established in the *Lanova* case.

The most favorable Delaware case to the defendant's position cited by the defendant is General Foods Corporation v. Cryo-Maid, Inc., 41 Del.Ch. 270, 194 A.2d 43 (Ch.1963), wherein the Court granted a stay. It is important to note that the Delaware action which was stayed was basically

one for declaratory relief while the Illinois action given priority included a direct action for damages. The factual factors considered critical by the Court in that case have not been shown here. In that case, two principal facts were relied upon. First, the Court noted a factor of fairness in the relative size of the corporations. The plaintiff was a large nationally held corporation which operated throughout the United States. The defendant, while a Delaware corporation of some value, was a small corporation, the stock of which was held by eleven people, all residents of Illinois. Second, the facts indicated that a view of the machinery which was located in Illinois might be necessary. Neither of these factual points has been pressed here. Furthermore, Delaware did not appear to be a convenient forum for any potential witnesses, whereas in the present case the plaintiff asserts with support in the record that Delaware is more convenient to it than Louisiana. Compare also Winsor v. United Air Lines, Inc., 2 Storey 161, 154 A. 2d 561 (Super.Ct.1958); Auerbach v. Cities Service Company, 37 Del.Ch. 496, 145 A.2d 394, 395 (Ch.1958).

In requesting a motion to stay because of pendency of an action in another jurisdiction, the moving party has to show "special facts or circumstances" warranting a stay order. Chadwick v. Gill, *supra*, at 141 A. 619. The defendant has not met his burden of showing hardship and inequity so as to counterbalance the interests of the plaintiff. The facts offered to show hardship are that litigation pending in Louisiana is essentially the same as the present action, that Delaware is not as convenient a forum as Louisiana for the defendant, and that plaintiff's Delaware action is vexatious. An action is vexatious where there is no legitimate advantage to be gained. 19 A.L.R.2d 301, 306. While the Court can hardly appropriately comment on the wisdom of the plaintiff's choice of forum, the plaintiff has produced affidavit evidence showing that the plaintiff brought suit in Delaware after careful legal study for legitimate legal considerations. In my opinion, the defendant has failed to demonstrate that the clear balance of the equities lies in its favor.

The motion of the defendant for a stay is denied. It is so ordered.