**FENIX & SCISSON, INC., an Oklahoma corporation, Plaintiff,**

v.

**UNDERGROUND STORAGE, INC., a Delaware corporation, Defendant.**

Superior Court of Delaware, New Castle.

Jan. 23, 1970.

S. Samuel Arsht, Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiff.

Richard F. Corroon, Potter, Anderson & Corroon, Wilmington, for defendant.

QUILLEN, Judge.

This is the Court's opinion and order on defendant's motion that the action be stayed pending the outcome of another action between the same parties in the State of Washington.

On November 1, 1968, the plaintiff, Fenix & Scisson, Inc., (hereinafter Fenix), an Oklahoma corporation, entered into an agreement with the defendant, Underground Storage, Inc., (hereinafter Underground), a Delaware corporation, to develop two former Titan missile sites owned by the defendant in Batun and Warden, Washington, and convert these caverns into storage facilities for liquified petroleum gas and related products. This was to have been accomplished by Fenix by plugging and sealing all openings in each of the missile caverns. The cost was assessed at $175,000.

As the work progressed, it appeared that the conversion of the caverns was not meeting the desired performance. Costs spiraled upward and a dispute arose between the contracting parties. Finally, on May 27, 1969, a compromise agreement was entered into by which Underground would pay Fenix $60,000, contingent on the successful completion of an operational storage facility at Warden. In June 1969, a discharge of gas into the main cavern at Warden failed to demonstrate successful completion of the storage facility. Further negotiations were necessitated. A meeting was scheduled for October 17, 1969.

On October 8, 1969, the complaint in this action was served on Underground's Delaware agent alleging the failure of Underground to pay pursuant to the November 1, 1968 agreement. On November 25, 1969, after getting an extension to answer the Delaware suit, Underground filed its complaint for breach of contract in the United States District Court for the Eastern District of Washington.

Underground contends that it has established that the circumstances surrounding the controversy make it desirable to permit the controversy to be settled by the Courts in Washington pursuant to the standards specified by the Supreme Court in General Foods Corporation v. Cyro-Maid, Inc., 41 Del.Ch. 474, 198 A.2d 681 (Sup.Ct.1964). Therefore Underground urges it is entitled to a stay of this proceeding.

Fenix, on the other hand, resists the stay on the basis that Underground has not manifested "a clear showing by the moving party of hardship or inequity so great as to overbalance all possible inconvenience of delay to his opponent." Lanova Corporation v. Atlas Imperial Deisel En-

gine Company, 44 Del. 593, 64 A.2d 419 (Super.Ct.1949). Fenix also relies on the recent opinion of this Court in Sperry Rand Corporation v. United Engines, Inc., Del., 261 A.2d 527, 1969 (December 8, 1969).

■ There is no hard and fast rule applied in Delaware either granting or denying a stay of prosecution of a Delaware action by reason of the pendency of a similar action in another jurisdiction. In determining whether a Court should grant a motion to stay on the basis akin to a motion for a dismissal on the ground of forum non conveniens, it is incumbent upon the Court to weigh the various factors presented and determine fairly, in light of all the circumstances, where the controversy can best and most economically be determined. General Foods Corp. v. Cryo-Maid, Inc., *supra* at 198 A.2d 683. A Court should not lightly permit its clear jurisdiction in a matter to be rendered nugatory. General Foods Corporation v. Cryo-Maid, Inc., 41 Del.Ch. 270, 194 A.2d 43 (Ch.1963).

The factors which Chief Justice Wolcott considered as relevant in determining such issues are set forth in the General Foods case, *supra,* at 198 A.2d 684 and in Parvin v. Kaufmann, 43 Del.Ch. 461, 236 A.2d 425, 427 (Sup.Ct.1967):

(1) The applicability of Delaware law;

(2) The relative ease of access to proof;

(3) The availability of compulsory process for witnesses;

(4) The possibility of the view of premises;

(5) All other practical problems that would make the trial of the case easy, expeditious and inexpensive; and

(6) The pendency or nonpendency of a similar action or actions in another jurisdiction.

The defendant must make a showing of "special facts or circumstances" warranting a stay order. Chadwick v. Gill, 16 Del.Ch. 127, 141 A. 618, 619 (Ch.1928).

■ The record demonstrates clearly that the defendant has met its burden and a stay should be granted. The reasons are apparent.

The law of Washington by express provision governs the contract.

· The lawsuits do not concern factual events which have any connection with Delaware. The events do concern construction at a Washington real estate site. The defendant's witnesses are in Washington. The plaintiff makes some point of the fact that it has about thirteen witnesses in Oklahoma, four witnesses in Ohio, and two witnesses in Iowa and argues that Delaware is more convenient for them than Oklahoma. It is apparent, however, that, as between Delaware and Washington, the relative inconvenience involved to the plaintiff is minimal and the plaintiff's argument is somewhat strained. There is no problem in either Delaware or Washington as to compulsory process for witnesses. On balance, proof is clearly more accessible in Washington than in Delaware.

The parties have disputed the necessity of a view. That dispute need not be decided. This Court can say that, in view of the nature of the lawsuits, a view by the trial judge of the Washington real estate involved is a reasonable probability. Moreover, independent of a view by the trier of fact, it is apparent that witness inspection will be required and probably on a repeated basis. We are not here dealing with a contract concerning personal property which can be easily moved, copied or reproduced. This case involves a cavern construction project. It simply makes sense to adjudicate the controversy in the State where the unique real estate lies. On balance, it appears to me that the case cannot help but be tried more easily, expeditiously and inexpensively in Washington.

Finally, there is in fact already a suit pending in Washington to which the com-

plaint in this case is a compulsory counterclaim.

The factors already cited present such a strong case for the defendant that it is unnecessary to consider the peculiar financial hardship which the defendant claims.

■ On the plaintiff's side, in addition to access of proof arguments, I have considered the fact that the defendant is a Delaware corporation, which in my view is entitled to some weight since, in a sense, it ill behooves a corporation of this State to argue that this State is not a convenient place to litigate. But such consideration is clearly overbalanced here. Moreover, the fact that the defendant's suit in Washington was filed second is not necessarily controlling. General Foods Corporation v. Cyro-Maid, Inc., *supra,* at 198 A.2d 683. Indeed, the defendant might have a good case here even if no action were pending in Washington. Both sides have argued that the other exhibited some bad business faith in the timing of the lawsuits. Without attributing a qualitative ranking, the Court would rate the score a draw on business courtesy. Thus, the factors relied on by the plaintiff do not seriously challenge those relied on by the defendant.

Finally, the plaintiff's reliance on the *Sperry Rand* case does not alter the analysis here. In that suit between two Delaware corporations, where a Louisiana suit was followed by a Delaware suit, there was no unique real estate, no showing of a reasonable probability of a view, no provision in the contract indicating that Louisiana law governed, no clear balance for witness convenience, and no requirement that the Delaware action be a compulsory counterclaim in Louisiana. In addition, the Delaware plaintiff demonstrated that suit was brought in Delaware after careful legal study for legitimate legal considerations.

The motion of the defendant for a stay is granted. It is so ordered.