# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| DELAWARE STATE SPORTSMEN'S ASSOCIATION, INC., et al. | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No.: K23C-05-024 RLG |
| DELAWARE DEPARTMENT OF SAFETY AND HOMELAND SECURITY, et al. | ) ) ) ) ) | |
| Defendants. | ) ) | |

Submitted: September 1, 2023
Decided:  October 6, 2023

## ORDER

*Upon Consideration of Plaintiffs' Motion for Reargument*

**DENIED.**

Francis G.X. Pileggi, Esquire; Sean M. Brennecke, Esquire; and Aimee M. Czachorowski, Esquire, Lewis Brisbois Brisgaard & Smith, LLP, Wilmington, Delaware, *for Plaintiffs.*

David E. Ross, Esquire; Bradley R. Aronstam, Esquire; Garrett B. Moritz, Esquire; S. Reiko Rogozen, Esquire; Holly Newell, Esquire; Elizabeth M. Taylor, Esquire; and Thomas C. Mandracchia, Esquire, Ross Aronstam & Moritz LLP, Wilmington, Delaware, *for Defendants*

Kenneth L. Wan, Esquire and Zi-Xiang Shen, Esquire, Deputy Attorneys General, Wilmington, Delaware, *for Defendants*

**GREEN-STREETT, J.**

This 6th day of October, 2023, upon consideration of the Motion for Reargument brought by Plaintiffs, it appears to the Court that:

1. On August 11, 2023, the Court issued a *sua sponte* oral order staying this case on the basis that this matter addresses similar and corollary issues as a separate action brought by Plaintiffs currently pending appeal in the United States Court of Appeals for the Third Circuit. Plaintiffs now move for reargument of the Court's decision. After careful review of the parties' written submissions and arguments, the Motion must be **DENIED**.

2. This case involves a constitutional challenge to two statutes enacted by the Delaware General Assembly. The challenged statutes – HB 450[1] and SS 1 for SB 6[2] – prohibit the purchase, ownership, and possession of certain types of firearms and ammunition magazines, subject to some exceptions. On July 20, 2023, Plaintiffs sought leave to expand the page limit for their summary judgment motion. In their application to this Court, Plaintiffs summarized the federal case challenge as well as that case's posture in federal court. Plaintiffs outlined that "[t]he pending federal appeal includes five *Amici Curiae* briefs and two co-appellant briefs, which together exceed 200 pages, for the opening

_____

[1] 11 Del. C. §§1464-1467.

[2] 11 Del. C. §1468(2), 1469.

briefs only."[3] Plaintiffs then further explicated the interplay of the federal and state rights at issue:

> Many of the arguments in those pending briefs of 200-plus pages will need to be addressed in our upcoming motion for summary judgment in this Court, because the U.S. Constitution provides the minimum level of rights – and the state cannot provide fewer rights.
>
> Although the Delaware Constitution may – and does – recognize greater rights under Article I, Section 20 than the U.S. Constitution provides, we need to establish the baseline federal rights first, before we can address the broader rights that the Delaware Constitution provides.[4]

Based upon this explication, the Court stayed this case pending resolution of the federal appeal.

3. Superior Court Civil Rule 59(e) permits the Court to reconsider its findings of fact, conclusions of law, or judgments.[5] It is well-settled that Rule 59(e) relief is appropriate only if the Court overlooked a controlling precedent or legal principle, or the Court misapprehended the law or facts such that it would have

---

[3] Pl.'s Req. to Exceed Word Limit at 2 (July 20, 2023).

[4] Id.

[5] Super. Ct. Civ. R. 59(e) (providing a vehicle for motions for reargument of the Court's decisions); see also Bd. of Managers of the Del. Crim. Just. Info. Sys. v. Gannett Co., 2003 WL 1579170, at *1 (Del. Super. Jan. 17, 2003), aff'd in part, 840 A.2d 1232 (Del. 2003).

affected the outcome of the underlying decision.[6]  It is equally well-settled that a motion for reargument is not a device for rehashing arguments already presented *or* for raising new arguments.[7]

4. This Court maintains wide discretion in controlling its docket.[8]  That discretion includes managing its docket in a manner that promotes efficiency – both for the Court and the parties.[9]  "[T]he power to grant a stay always exists in a Court by virtue of its right to control the disposition of cases on its docket … ."[10]

5. The Court did not overlook a controlling precedent or legal principle, nor has it misapprehended the law or facts in a manner affecting the outcome of its decision.  The Court exercised its discretionary power to manage its docket in a manner that neither harms nor prejudices any party – and promotes efficiency and judicial economy.

6. **THEREFORE**, Plaintiffs' Motion is **DENIED**.

---

[6] See Kappa Alpha Educ. Found., Inc. v. City of Newark, 2020 WL 62618, at *1 (Del. Super. Jan. 6, 2020) (setting forth the bases for reargument of a decision in a civil matter).

[7] Cunningham v. Horvath, 2004 WL 2191035, at *2 (Del. Super. Jul. 30, 2004) (noting that a motion for reargument is not an opportunity for a party to "rehash the arguments already decided by the [C]ourt.").

[8] Unbound Partners Ltd. P'ship v. Invoy Holdings Inc., 251 A.3d 1016, 1030 (Del. Super. 2021).

[9] Id.

[10] Lanova Corp. v. Atlas Imperial Diesel Engine Co., 64 A.2d 419, 420 (Del. Super. 1949). See also Landis v. N. Am. Co., 299 U.S. 248 (1936).

**IT IS SO ORDERED.**

_____
Reneta L. Green-Streett, Judge