O’HARA, Judge.
 

 This is an appeal from a Court of Chancery order 1) denying appellants’ motion to stay further proceedings in Delaware, pending disposition of a New York action, and 2) granting the motion of Michael Weiss for leave to intervene.
 

 In November, 1971, Benjamin Crane, a shareholder of The Walter Reade Organization, Inc. (“W.R.O.”) commenced a derivative action in the New York Supreme Court naming, Walter Reade, Jr., chief executive officer and director of W.R.O., and the remaining directors, as defendants. The thrust of the Crane action was a complaint that transactions between Mayfair Atlantic Corp. (“Mayfair”), a company wholly owned by Mr. Reade, and W.R. O., were unfair to W.R.O. and enriched Mayfair.
 

 In December, 1971, following service of the New York complaint, Crane filed suit in Delaware and notified appellants’ attorneys that he was abandoning his New York action. The Delaware suit was filed after Crane learned that a motion for security for costs would be made by appellants.
 

 In October, 1972, a second derivative suit on behalf of W.R.O. was filed in New York by Michael Weiss.
 

 Neither New York suit has involved any action other than the filing of answers. By contrast, the Delaware action has been vigorously pursued, with numerous motions made and disposed of and with the docket of the case showing 68 entries to date. The issues raised below followed Crane’s effort, at a pretrial conference, to obtain a trial date.
 

 The Chancery Court, after analyzing the factual situation presented, decided that the pendency of a prior suit in a foreign court between the same parties for the same cause of action was not a sufficient reason to stay the later action in that Court “in the absence of special facts or circumstances indicating such an equity as would require a stay”.
 

 Here the Chancery Court was relying on the standard, “special facts or circumstances”, set forth in Chadwick v. Gill, 16 Del.Ch. 127, 141 A. 618 (1928). However, the better test in stay situations is simply that the person seeking the stay has the burden of satisfying the Court that a stay should' be granted and such stay will be freely exercised. See Chancellor William T. Quillen’s footnote comment in Life Assur. Co. of Pa. v. Associated Invest. Int. Corp., Del.Ch., 312 A.2d 337 (1973).
 

 Notwithstanding the improper application of the
 
 Chadwick
 
 standard an examination of the entire circumstances leads this Court to believe that the application of the “freely exercised” standard would not have changed the result. The record of activity in the Court of Chancery is so substantial that it cannot he said that there was an abuse of discretion involved here. There was no showing that the Delaware litigation lacked fairness with respect to appellants nor that anything of significance would be served by forcing the litigants to reopen the dormant New York litigation.
 

 Permitting Weiss to intervene was clearly a discretionary act by the Court of Chancery with which there is no serious quarrel. Appellants, in fact, had
 
 *399
 
 obtained joinder of the two New York actions and are now in the totally inconsistent position of arguing against such join-der here in Delaware. No prejudice to appellants having been established, the discretionary decision of the Court of Chancery should be upheld.
 

 Decision of the Court of Chancery is affirmed.