UNITED ENGINES, INC., a Delaware corporation, Defendant Below, Appellant,

v.

SPERRY RAND CORPORATION, a Delaware corporation, Plaintiff Below, Appellee.

Supreme Court of Delaware.

July 17, 1970.

Arthur J. Sullivan and Richard P. Beck, of Morris, James, Hitchens & Williams, Wilmington, for defendant below, appellant.

Richard J. Abrams and Mason E. Turner, Jr., of Richards, Layton & Finger, Wilmington, for plaintiff below, appellee.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

This appeal raises the question of whether the Delaware Superior Court action here involved should be stayed in view of the prior action now pending in Louisiana between the same parties.

I.

For the purposes of this decision, the pertinent facts may be stated as follows: In 1967, the plaintiff Sperry Rand Cor-

poration (hereinafter "Sperry") entered into a lease agreement with the defendant United Engines, Inc. (hereinafter "United") whereby Sperry undertook to provide, install, and service certain data processing equipment, including training of personnel, at United's office in Shreveport, Louisiana. The agreement called for performance by October 1, 1967, but the equipment was not delivered until December 5, 1967. Both parties are Delaware corporations.

On January 10, 1969, United brought an action against Sperry in the District Court of the State of Louisiana for damages in the amount of $271,000, alleging that United was induced to enter into the lease agreement by misrepresentations concerning Sperry's ability to deliver, install, and program the equipment, and train personnel, by October 1, 1967. United further alleged in the Louisiana action that, based on the assurances of Sperry, it discontinued its manual accounting system and lost control of its invoices and inventory; that Sperry was negligent in assisting United with the conversion of its manual accounting system to the data processing system.

On February 24, 1969, Sperry filed an answer in the Louisiana action, denying the allegations of misrepresentation, breach of contract, and negligence; and, in addition, Sperry alleged in its answer that the lease agreement between the parties was a "valid and binding agreement" which United breached by "failing and refusing to pay any of the equipment rental and maintenance charges properly made thereunder." Sperry did not claim any affirmative relief, however, for such rental or maintenance charges thus stated to be due.

On the day it filed its answer in the Louisiana action, Sperry filed this Delaware action against United claiming damages of $6,016.59 for breach of the same lease agreement between the parties. The complaint in the instant action asserted the validity of the lease agreement and the wrongful refusal to pay rental and mainte-

nance charges thereunder. In March 1969, United amended its complaint in the Louisiana action and asked for a declaratory judgment as to its liability for rental under the lease agreement.

In April 1969, United moved to stay the Delaware proceedings pending the outcome of the Louisiana proceedings. Sperry opposed the stay and filed affidavits asserting that the Delaware suit was necessary for an expeditious and inexpensive determination of the validity of the lease agreement.

The Superior Court denied the motion for stay. (See Opinion below, 261 A.2d 527). Thereafter, United filed an answer in the Delaware action, asserting in defense and in counterclaim the same issues of misrepresentation and negligence pending before the Louisiana Court. United appeals the denial of the stay.

II.

■ Sperry has moved to dismiss the appeal on the ground that the denial of the stay is an unappealable interlocutory order. We recently ruled that the denial of a motion to stay a Delaware action, on the ground of *forum non conveniens,* is an appealable order because it determines substantial issues and establishes legal rights in that it determines the right of the plaintiff to litigate in this jurisdiction and the obligation of the defendant to meet the plaintiff in this forum. Moore Golf, Inc. v. Ewing, Del.Supr., 269 A.2d 51 (July 17, 1970). Additionally, under the facts and circumstances of the instant case, a ruling on the motion for stay determines a right akin to that of due process: the right of a litigant to proceed freely in the forum of his choice, without the harassment of being obliged to litigate the same issues simultaneously in a subsequent action instituted by his opponent elsewhere. See McWane Cast Iron Pipe Corporation v. McDowell-Wellman Engineering Company, Del.Supr., 263 A.2d 281 (1970).

Accordingly, Sperry's motion to dismiss the appeal is denied.

### III.

The merits of this appeal are controlled by the *McWane* case. Here, as there, a prior action is pending in another jurisdiction between the same parties involving the same issues. As we stated in *McWane*, the discretion of our courts should be "exercised freely in favor of the stay when there is a prior action pending elsewhere, in a court capable of doing prompt and complete justice, involving the same parties and the same issues; that as a general rule litigation should be confined to the forum in which it is first commenced, and a defendant should not be permitted to defeat the plaintiff's choice of forum in a pending suit by commencing litigation involving the same cause of action in another jurisdiction of its own choosing; that these concepts are impelled by considerations of comity and the necessities of an orderly and efficient administration of justice." In further support of those propositions, we stated in *McWane*:

"* * * By their application, there is avoided the wasteful duplication of time, effort, and expense that occurs when judges, lawyers, parties, and witnesses are simultaneously engaged in the adjudication of the same cause of action in two courts. Also to be avoided is the possibility of inconsistent and conflicting rulings and judgments and an unseemly race by each party to trial and judgment in the forum of its choice. Public regard for busy courts is not increased by the unbusinesslike and inefficient administration of justice such situation produces."

The question then, as it was in *McWane*, is whether there are facts and circumstances here sufficient to move the Superior Court's discretion to grant the stay, in view of the rule that in a case like this such discretion should be exercised freely in favor of the stay.

Applying the standards and guidelines of *McWane*, we are of the opinion that the Superior Court abused its discretion in denying the stay. The negotiations leading to the lease agreement, the alleged misrepresentations and negligence of Sperry, and the alleged breach of contract by United, all took place in Louisiana. All of United's witnesses, and many if not most of Sperry's personnel connected with the dispute, are in Louisiana. The site is in Louisiana. The law of fraudulent inducement and negligence, governing many of the issues raised, is that of Louisiana. The lease agreement is governed explicitly by the law of New York. And there is no indication on the record before us that the parties do not have available to them in Louisiana the same discovery, pretrial, and trial advantages they would have in the Superior Court of Delaware to assure a speedy, just, and complete disposition of the claims of the parties to the controversy.

For these reasons, the order below must be reversed.