**William H. PALMER, Defendant Below, Appellant,**

v.

**La Von PALMER, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted Oct. 9, 1979.

Decided Dec. 6, 1979.

Michael P. Maguire, Wilmington, for defendant-appellant.

H. Alfred Tarrant, Jr., of Cooch & Taylor, Wilmington, for plaintiff-appellee.

Before HERRMANN, C. J., McNEILLY and HORSEY, JJ.

PER CURIAM:

In this appeal, we consider whether proceedings in the Court of Chancery should have been stayed in view of a prior pending action in Wyoming between the same parties.

## I.

The husband-appellant and the wife-appellee were divorced in the Family Court of Delaware. In connection with that proceeding, the husband executed to the wife an irrevocable power of attorney covering certain real property in Wyoming that he held jointly with his wife. A short time later, counsel for the wife discovered that the property description was erroneous and requested that the husband correct the error by executing a quitclaim deed. The husband agreed to do so only if the wife returned to him property that he had assigned to her in settlement of the property division proceedings ancillary to the divorce. When the wife refused, the husband brought a partition action in Wyoming.

The wife petitioned the Wyoming Court to dismiss the suit on the basis of the power of attorney. The Court refused to do so because that document incorrectly described the property at issue. Consequently, the wife brought suit in the Delaware Court of Chancery against the husband seeking reformation of the power of attorney and an injunction against the husband to prevent him from pursuing the partition action in Wyoming. Two weeks later, the wife filed her answer in Wyoming and requested in a counterclaim that the husband either be ordered to produce a reformed power of attorney or to execute a quitclaim deed correctly delineating the boundaries of the property.

During the Chancery Court proceedings, the husband petitioned the Court on two occasions to stay the Delaware action. The Chancery Court denied both applications and, subsequently, reformed the executed power of attorney to reflect the correct boundaries of the property in question. Meanwhile, the Wyoming Court had continued the proceedings before it indefinitely, apparently out of considerations of comity in deference to the Delaware litigation; and the Wyoming Court has since awarded summary judgment in favor of the wife. The husband has appealed to this Court the Court of Chancery decision, citing as error only the denial of the motions to stay the Delaware proceedings.

## II.

The tests for determining the propriety of a stay were enunciated in

**1052**

*McWane Cast Iron P. Corp. v. McDowell-Wellman E. Corp.*, Del.Supr., 263 A.2d 281 (1970), wherein we held that the controlling concepts are dictated by considerations of comity and the necessity of an orderly and efficient administration of justice.

The Court of Chancery concluded that a stay in the instant case would not be proper for the following reasons: (1) the Wyoming Court, in recognition of the Delaware litigation, delayed its proceedings in order to allow the Delaware Court to rule on the reformation issue; (2) all the witnesses required for the limited Delaware litigation were located in Delaware; (3) the parties resided in Delaware and the power of attorney was executed here; (4) the limited issue concerning the reformation of the power of attorney could be litigated in Delaware promptly and expeditiously; and (5) the grant of a stay in this case would only result in further delay, rather than a prompt resolution of the controversy. We agree under the authority of *McWane* and *United Engineers Inc. v. Sperry Rand Corporation*, Del.Supr., 269 A.2d 221 (1970).

In the instant case, the Trial Court correctly found that all witnesses are from Delaware, the contract was executed in Delaware, and Delaware law applies. See *Wilmington Trust Company v. Pennsylvania Company*, Del.Ch., 172 A.2d 63 (1961). Further, this is not a situation in which a view of the property by the trier of fact is necessary or probable, cf. *Fenix & Scisson, Inc. v. Underground Storage, Inc.*, Del.Super., 262 A.2d 260, 262 (1970); nor has the husband disputed the existence of the error or the correctness of the boundaries as delineated by the reformed power of attorney.

We reach the inevitable conclusion that the granting of a stay here would be contrary to the rule of *McWane* ; i. e., that the major considerations involved in determining the appropriateness of a stay are the economy of judicial effort, the efficiency of the administration of justice, and the prevention of unwarranted delay. 263 A.2d at 283. The granting of a stay in this case, particularly in the light of the Wyoming Court's deference to the Delaware courts on the issue of reformation, would achieve nothing but the needless relitigation of issues that have been prudently and efficiently decided here.

\* \* \*

Affirmed.