**HANA RANCH, INC., a Delaware Corporation, Plaintiff,**

v.

**J. Gordon LENT, Defendant.**

Court of Chancery of Delaware, New Castle County.

Submitted Oct. 10, 1980.

Decided Dec. 19, 1980.

Edmund N. Carpenter, II and Wendell Fenton of Richards, Layton & Finger, Wilmington, for plaintiff.

Rodman Ward, Jr. of Skadden, Arps, Slate, Meagher & Flom, Wilmington, for defendant.

MARVEL, Chancellor:

This action seeks Court approval of a plan designed to amend the provisions of the corporate charter of Hana Ranch, Inc. having to do with the rights of holders of shares of preferred stock of such corporation by adding thereto a right to convert such shares of stock into common shares of the corporation at a fixed ratio. Such plan has already received the apparent approval of 88.737% of the outstanding shares of common stock. The defendant is a director as well as the holder of common stock of, the plaintiff, having allegedly taken the position that as a member of the board of directors of the plaintiff he voted against such proposed amendment to plaintiff's certificate of incorporation because the value assigned to the common stock by management, in reaching a determination as to a conversion ratio, was, in his opinion, too low. The defendant is sued as a representative of the class of common stockholders, the members of which are allegedly too numerous for convenient joinder of all members. According to the complaint, the actual reason for defendant's vote as a director against the amendment in issue was his desire to further his own interests over those of his fellow stockholders and of the corporation itself.

The complaint, as noted above, seeks to have Mr. Lent deemed a representative of that class of stockholders who hold only common stock and who object to the transaction in issue. According to the complaint, Mr. Lent has acted or refused to act on grounds generally applicable to the class, thereby making appropriate declaratory relief with respect to the class as a whole. The relief sought is an adjudication that the proposed amendment modifying the provisions of the corporation's preferred stock to make each share of such stock convertible into one-tenth per share of common stock is fair and equitable in all respects.

The motion now before this court for decision is that of the defendant Lent under Rule 12(b)(2) to dismiss the complaint for lack of jurisdiction of the person of such defendant.

Hana Ranch, Inc., a Delaware corporation, has its principal place of business in the State of Hawaii and has issued and outstanding 8,160 shares of no par common stock and 2,220 shares of 8½%, $100 par preferred stock.

At a meeting of the board of directors of the plaintiff held on July 31, 1980, the management of Hana Ranch, Inc. submitted a proposed charter amendment, which, if adopted, would modify the provisions governing the rights of holders of preferred stock of the corporation so as to provide a right in holders of such shares to convert them into common stock at a conversion ratio of ten shares of preferred to one share of common, such right to be available until December 31, 1980. The board of directors of Hana Ranch, Inc., approved such proposal by a vote of eight to one, defendant Lent being the only board member to cast a vote in opposition to the proposal.

The summons and complaint in this case were purportedly served upon the non-resident Mr. Lent under the provisions of 10 Del.C. § 3114. Notice of such action was thereupon accordingly served upon the Delaware registered agent of Hana Ranch, Inc. and was caused to be mailed to Mr. Lent at the principal place of business of Hana Ranch, Inc. in Delaware as well as to such corporation's principal place of business in Honolulu, Hawaii, under the provisions of 10 Del.C. § 3114(b). It is conceded that the form of process so issued complied with the statute's requirements. Thus, if 10 Del.C. § 3114 is applicable to Mr. Lent under the facts of this case, the service so made was effective.

The statute in question, namely 10 Del.C. § 3114,[1] was enacted to counteract the deci-

1. 10 Del.C. § 3114 provides, in pertinent part:
   "(a) Every nonresident of this State who after September 1, 1977, accepts election or

   appointment as a director, trustee or member of the governing body of a corporation organized under the laws of this State or who after

sion in *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977) which had held unconstitutional under the facts of the case the so-called sequestration provisions found in 10 Del.C. § 366 pursuant to which nonresident directors of Delaware corporations had been for many years compelled to enter personal appearances in this state as a result of the seizure of their property interests having a situs in Delaware, usually in the form of shares of corporate stock of a Delaware corporation.

The statute here in issue, namely 10 Del.C. § 3114, provides an alternate approach to obtaining jurisdiction over non-resident corporate directors of Delaware corporations, such statute providing that by accepting the position of director of a Delaware corporation, a non-resident is deemed to have agreed to submit to the jurisdiction of the Delaware courts in the event of the bringing of an action in Delaware charging such a director with a violation of his official duties.

First of all, the statute in issue clearly limits the required submission to the jurisdiction of Delaware of non-resident directors to:

> "... . all civil actions or proceedings brought in this State, by or on behalf of, or against such corporation in which such director, trustee or member is a necessary or proper party, or in any action or proceeding against such director, trustee or member for violation of his duty in such capacity...."

█ Plaintiff interprets the use of the disjunctive "or" in the fourth line of the above excerpt preceded by a comma as providing for two distinct categories of actions against non-resident directors: first, actions or proceedings by, on behalf of or against a Delaware corporation where "... . such director ...... is a necessary or proper par-

ty", and secondly, in "any action or proceeding against such director .... for violation of his duty in such capacity." Thus, it is contended that the defendant being a proper party to the present action, he is thus subject to the jurisdiction of this Court. However, in my opinion, the statute must be read as applying only to actions against directors as a class of persons who have been made subject to being sued in Delaware as such, being persons who could not be subjected to the jurisdiction of a Court of Delaware were they not directors. Thus, it is the rights, duties, and obligations which have to do with service as a director of a Delaware corporation which make a director subject to personal service in Delaware under the terms of 10 Del.C. § 3114 and not simply that he or she may be both a proper party as well as a director.

The recent opinion of the Supreme Court of Delaware in the case of *Armstrong v. Pomerance*, Del.Supr., 423 A.2d 174 (1980), has upheld the constitutionality of 10 Del.C. § 3114 which had been attacked as unconstitutional as being an alleged violation of the due process clause of the fourteenth amendment to the United States Constitution, the Court noting Delaware's significant and substantial interest in actively overseeing the conduct of directors of Delaware corporations and emphasizing that 10 Del.C. § 3114, the statute in issue:

> " * * * authorizes jurisdiction only in actions which are inextricably bound up in Delaware law and where Delaware has a strong interest in providing a forum for redress of injuries inflicted upon or by a Delaware domiciliary, i. e., the Delaware corporation."

This decision, in my opinion, supports a construction of 10 Del.C. § 3114 which limits its application only to those actions directed against a director of a Delaware

---

June 30, 1978, serves in such capacity ..... shall, by such acceptance or by such service, be deemed thereby to have consented to the appointment of the registered agent of such corporation ..... as his agent upon whom service of process may be made in all civil actions or proceedings brought in this State, by or on behalf of, or against such corporation, in which such director, trustee or member is a necessary or proper party, or in any action or proceeding against such director, trustee or member for violation of *his duty in such capacity*, ..."

corporation for acts on his part performed only in his capacity as a director.

Furthermore, among the statutes cited in the legislative synopsis as being models for 10 Del.C. § 3114[2] is the Connecticut corporate directors consent statute, Conn.Gen.Stat. § 33–322(a), and it is clear that when a Delaware legislative enactment is based on an existing statute of another state, there is a strong presumption that the Legislature of Delaware, in adopting a statute of a sister state, has intended to adopt the construction of that statute made by the courts of the sister state. *Opinion of Justices*, Del.Supr., 181 A.2d 215 (1962), and *Stauffer v. Standard Brands, Inc.*, Del. Supr., 187 A.2d 78 (1962). See also Sutherland's Statutory Construction § 52.02 (4th ed. 1972). The Connecticut courts have interpreted such statute as conferring jurisdiction of an action against a non-resident director only when the cause of action filed against such a director is based on a violation of his duties qua director. In the case of *Goldfeld v. Wood Park Estates, Inc.*, Conn.Super., 29 Conn.Sup. 237, 281 A.2d 326 (1971) two non-resident directors, both residents of New York, were sued in Connecticut for alleged breach of contract to sell their stock in the defendant corporation. However, no allegation was made in the complaint that the defendants had breached any duty imposed on them in their capacity as directors. The Superior Court of Connecticut accordingly held that the attempt thereby to obtain jurisdiction over such non-resident director defendants must fail, stating:

> "This suit is not against them in any capacity whatever as directors of the corporation. The statute clearly limits its application to suits against the corporation or against a director for violations of his duty as a director. Its elasticity stretches no further than that."

Furthermore, while plaintiff relies on the case of *Jaffe v. Regensberg*, Del.Ch., C.A. 5965 (Jan. 10, 1980) as authority for the proposition that service under the cited statute is service for all purposes, corporate or otherwise, I disagree. A reading of such case discloses that the complaint therein alleged that the defendant directors had illegally issued shares of common stock to themselves in order to retain control of the corporation. Thus, jurisdiction under the statute was established, there being a cause of action alleged against directors on the basis of their alleged misconduct in office, a cause of action clearly within the scope of the duties of the office of directors. Jurisdiction having been thus attained, such a defendant was properly held to be before the Court for whatever other relief might be appropriate. In the cited case this included a cause of action against the director defendants in their capacity as stockholders brought in the form of recission of the issuance to such defendants of allegedly illegally issued stock. Such decision makes it clear that a valid cause of action against a non-resident defendant for acts within the scope of a directorship was a sine qua non to the successful assertion of a claim against such a non-resident in his capacity as a stockholder.

An examination of the complaint in this case discloses that no cause of action is asserted therein against the non-resident director defendant in his capacity as director. And while Hana Ranch, Inc. contends that defendant Lent is also being sued as a director, it then proceeds to plead a cause of action which could readily be asserted against any other common stockholder of the corporation. And while the complaint does allege that the defendant voted against the· proposal for the stock conversion here in issue when it was presented to the board of directors, and in doing so was motivated by his personal interest, there is no allegation in the complaint and could be none that by voting against the conversion proposal the defendant in any way breached a duty imposed on him as a director. Inasmuch as the nega-

---

2. In addition to the Connecticut legislation, North Carolina, South Carolina, and Michigan statutes were used as models for 10 Del.C.

§ 3114. See the official statutory commentary to S. 341, enacting 10 Del.C. § 3114.

tive vote of the defendant director had no effect on the corporate act in issue, there can be no valid contention that a cause of action arose against him as a result of his vote. Thus, since no cause of action is pleaded against the defendant based on his conduct as a director under the provisions of 10 Del.C. § 3114 they cannot be used as a basis for stating a cause of action against the defendant in his capacity as a common stockholder.

Plaintiff goes on to argue that, in any event, defendant made a general appearance because his attorney argued in his brief as well as orally as to the merits of the complaint. However, were plaintiff's contentions to be accepted, a non-resident director served with process pursuant to 10 Del.C. § 3114 would be effectively precluded from contesting the issue of the efficacy of service sought to be made on him under the statute. Argument on the nature of the dispute pending between the parties does not transform an appearance to attack jurisdiction into a general one, and does not constitute a waiver of objections to jurisdiction. In a 12(b)(2) motion, such as the one before the Court, it is necessary, in order to decide it, to examine the cause of action alleged in order to ascertain whether or not it is directed against the defendant in his capacity as a corporate director. Thus, the legal sufficiency of the complaint is not thus brought into question as in a 12(b)(6) motion but merely that of the jurisdiction of the Court over a non-resident on the basis of a complaint which fails to state a cause of action against such a non-resident in his capacity of director.

Defendant's motion to dismiss the complaint pursuant to the provision of Rule 12(b)(2) will be granted and an appropriate form of order to such effect may be presented on notice.