**PESTOLITE, INC., a Delaware corporation, Plaintiff,**

v.

**CORDURA CORPORATION, a Delaware corporation, Robert G. Sims, Alfred DiScipio, Richard E. Rothkopf, Michael Ciolli, Norman E. Friedman and William J. Winkler, Defendants.**

Superior Court of Delaware, New Castle County.

Submitted Jan. 28, 1982.

Decided June 29, 1982.

Walter L. Pepperman, II, and Francis J. Murphy of Morris, Nichols, Arsht & Tunnell, Wilmington, Steven H. Berkowitz (argued) of Alexander, Milne & Berkowitz, W. Bourne Ruthrauff of Gratz, Tate, Spiegel, Ervin & Ruthrauff, Philadelphia, Pa., for plaintiff.

Charles F. Richards, Jr. and William J. Wade (argued) of Richards, Layton & Finger, Wilmington, for defendants.

LONGOBARDI, Vice Chancellor *.

Plaintiff Pestolite, Inc. ("Pestolite"), a Delaware corporation with its principal place of business in Lancaster, Pennsylvania, filed this complaint alleging causes of action based upon contract and tort theories of liability arising from an aborted sale of its product called the Pestolite Patio Protector. The Defendants are Cordura Corporation ("Cordura"), a Delaware corporation with its principal place of business in Los Angeles, California, and various individual Defendants who are officers and/or directors of Cordura or of its wholly-owned subsidiary, Douglass-Dunhill, Inc. ("Dunhill"), an Illinois corporation with its principal place of business in Oak Forest, Illinois. The individual Defendants filed a Motion to Dismiss for lack of personal jurisdiction and for insufficiency of service of process pursuant to *Superior Court Civil Rule* 12(b)(2) and 12(b)(5) while Cordura filed a Motion to Dismiss for lack of subject matter jurisdiction and for failing to state a claim upon which relief can be granted under *Rules* 12(b)(1) and 12(b)(6).

After briefing and oral argument, the parties have conceded or resolved all but one of the issues underlying these motions. Plaintiff concedes that 10 *Del.C.*

---

* By special assignment to Superior Court pursu- ant to *Del.Const.* Art. IV, § 13(2).

§ 3114 may not be used to obtain personal jurisdiction over the officers of a Delaware corporation. It concedes the statute may be used to obtain jurisdiction over its directors. With this concession, the Court is without personal jurisdiction over three of the individual Defendants who are not directors of a Delaware corporation. The claims against Rothkopf, Ciolli and Winkler are dismissed. As to the remaining three individual defendants, they concede that the three statutory requirements for service of process upon non-resident directors of Delaware corporations have now been met. Their original argument of insufficiency of service of process pursuant to *Rule* 12(b)(5) has, in effect, been withdrawn. Defendant Cordura's sole argument of lack of subject matter jurisdiction, *i.e.*, the Superior Court lacks jurisdiction to pierce the corporate veil of Dunhill, has also been resolved. Pestolite admits that no allegation of the complaint and no theory of recovery will be utilized by piercing the corporate veil of Dunhill. Plaintiff will seek to hold Cordura directly liable for its own allegedly active and affirmative wrongs committed against Pestolite. Since piercing the corporate veil is not an issue in this case, Cordura's Motion to Dismiss for lack of subject matter jurisdiction is moot. It should be noted that Defendant Cordura has not pursued its Motion to Dismiss for failure to state a claim upon which relief can be granted under *Rule* 12(b)(6).

The only issue left for decision concerns the remaining three individual Defendants' Motion to Dismiss for lack of personal jurisdiction. The question is whether 10 *Del.C.* § 3114[1] applies to any action against a non-resident Delaware corporation director or whether its scope is limited to a class of

actions which alleges breaches of duties particularly incident to directors and their relationship to the corporation and its stockholders. The resolution of this issue must be based upon an analysis of 10 *Del.C.* § 3114 determining the legislative intent and purposes it was designed to accomplish. Coincidentally, the analysis must examine the constitutional parameters of *in personam* jurisdiction stemming from the use of the statute. ["traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *Istituto, Etc. v. Hunter Engineering Co.*, Del.Ch., 428 A.2d 19, 24 (1981)]. If the statute permits *in personam* jurisdiction over a director, it must be because a qualitative rather than a quantative analysis shows such a relationship between the "defendant, the forum, and the litigation," [*Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977)] that the exercise of such jurisdiction does not offend traditional notions of fair play and substantial justice.

The enactment of 10 *Del.C.* § 3114 was the legislative response to *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683. The legislative synopsis which accompanied this legislation is most illuminating: "Delaware has a substantial interest in defining, regulating and enforcing the fiduciary obligations which directors of Delaware corporations owe to such corporations and the shareholders who elected them." *Armstrong v. Pomerance*, Del.Supr., 423 A.2d 174, 179, n.8 (1980), citing 61 *Del.Laws*, Ch. 119 (July 7, 1977). It is this substantial interest that section 3114 is designed to protect. Only because of this substantial interest or "legitimate State purpose" did the Supreme Court hold in *Armstrong v.*

---

1. 10 *Del.C.* § 3114 reads in pertinent part:

(a) Every nonresident of this State who after September 1, 1977, accepts election or appointment as a director, trustee or member of the governing body of a corporation organized under the laws of this State or who after June 30, 1978 serves in such capacity ... shall, by such acceptance or by such service, be deemed thereby to have consented to the appointment of the registered agent of such corporation ... as his agent upon whom service of process may be made in all civil actions or proceedings brought in this State, by or on behalf of, or against such corporation, in which such director, trustee or member is a necessary or proper party, or in any action or proceeding against such director, trustee or member for violation of his duty in such capacity, whether or not he continues to serve as such director, trustee or member at the time suit is commenced.

*Pomerance,* 423 A.2d 174, that section 3114 was constitutional. See, *Meeker v. Bryant,* Del.Ch., C.A. No. 6245, 1980 (Hartnett, V.C., May 12, 1981) (applying *Armstrong v. Pomerance,* 423 A.2d 174).

Plaintiff broadly interprets section 3114 as providing two distinct categories of action against non-resident directors of a Delaware corporation: (1) "where the non-resident director is a necessary or proper party to an action brought against his Delaware corporation (*i.e.,* the cause of action against the director arises out of his conduct as a director of that corporation" or (2) "where the cause of action is brought against the non-resident director alone based upon an alleged breach of his fiduciary duty to his corporation and its shareholders in his capacity as a director." (Plaintiff's Answering Brief at 13, 14). Plaintiff contends that the individual Defendants fall under the first category; that is they are necessary or proper parties in this action against Cordura. Plaintiff alleges their acts or omissions were performed in their capacity as directors of Cordura and are thus subject to the jurisdiction of this Court even though the action is not based on a violation of their fiduciary duties and obligations to the corporation or its shareholders. In *Hana Ranch v. Lent,* Del.Ch., 424 A.2d 28 (1980), the Court of Chancery specifically rejected this same interpretation of section 3114. The jurisdictional reach of section 3114 was found to be no broader than necessary to oversee, define, regulate and enforce the statutory and nonstatutory fiduciary duties and obligations of nonresident directors to their Delaware corporation and its shareholders. In *Hana Ranch v. Lent, id.* at 28, 30, Chancellor Marvel concluded that:

> [I]n my opinion, the statute must be read as applying only to actions against directors as a class of persons who have been made subject to being sued in Delaware as such, being persons who could not be subjected to the jurisdiction of a Court of Delaware were they not directors. Thus, it is the rights, duties and obligations which have to do with service as a director of a Delaware corporation which make a director subject to personal

service in Delaware under the terms of 10 Del.C. § 3114 and not simply that he or she may be both a proper party as well as a director.

In further explanation, the Chancellor added that *Armstrong v. Pomerance,* 423 A.2d 174, "supports a construction of 10 Del.C. § 3114 which limits its application only to those actions directed against a director of a Delaware corporation for acts ... performed only in his capacity as a director." *Hana Ranch v. Lent,* 424 A.2d at 30–31. It is this more restrictive interpretation of section 3114 upon which the Defendants rely to show a lack of personal jurisdiction.

Plaintiff attempts to dismiss the cases cited by Defendants as "inapposite" claiming that they do not stand for the narrow interpretation espoused by the Defendants. Assuming *arguendo* that Plaintiff is correct, Plaintiff concedes that this Court must still determine whether these individual Defendants have sufficient minimum contacts with this State so that the assertion of personal jurisdiction over them does not offend due process and is "fair" and "reasonable." *Kulko v. California Superior Court,* 436 U.S. 84, 93, 98 S.Ct. 1690, 1697, 56 L.Ed.2d 132 (1978); 2 *Moore's Federal Practice* ¶ 4.41–1[3] (2 ed. 1982).

■ The Supreme Court in *Armstrong v. Pomerance,* 423 A.2d at 176 emphasizes that "§ 3114 authorizes jurisdiction only in actions which are inextricably bound up in Delaware law and where Delaware has a strong interest in providing a forum for redress of injuries inflicted upon or by a Delaware domicilary, i.e., the Delaware corporation." *Armstrong, id.,* n.5. Thus, the constitutional inquiry must focus on the quality and nature of the relationship between the Defendants, the forum and the litigation.

■ In the present case, the only contact the individual Defendants had with Delaware was their status as directors of a Delaware corporation and their power under Delaware corporation statutes to act in that capacity. The Defendants purposefully availed themselves of the privilege of

becoming directors of a Delaware corporation and "accepted their directorships with explicit statutory notice, via § 3114, that they could be haled into the Delaware Courts to answer for alleged breaches of duties imposed on them by the very laws which empowered them to act in their corporate capacities." *Armstrong v. Pomerance*, 423 A.2d at 176. However, the question remains whether the complaint alleges any breaches of duties imposed on them by Delaware law. The complaint alleges that as directors of a Delaware corporation, the Defendants committed tortious acts to and breaches of a contract with a third party, the Plaintiff. The complaint contains no allegation that the individual Defendants committed a single tortious act within this State or that the alleged tort had any impact in Delaware. Additionally, the contract claim does not allege that the contract was made in Delaware. It was not to be performed in Delaware. See, 10 *Del.C.* § 3104(c). Thus, Delaware substantive law will not apply to the tort or contract claims since these causes of action are not "inextricably bound in Delaware law." See, *Friday v. Smoot*, Del.Supr., 211 A.2d 594, 595 (1965); *Tew v. Sun Oil Co.*, Del.Super., 407 A.2d 240, 242 (1979); *Wilmington Trust Company v. Pennsylvania Company*, Del. Supr., 172 A.2d 63, 66 (1961); *Palmer v. Palmer*, Del.Supr., 409 A.2d 1050, 1052 (1979).

Delaware does not have a significant and substantial interest in overseeing each and every tort and contract claim that may be asserted against the directors of a Delaware corporation no matter where the contract was made or performed or the tort occurred. In the absence of such substantial interest or legitimate State purpose, the mere status as director of a Delaware corporation, standing alone, is not a significant basis for the individual Defendants to reasonably anticipate being haled into this Court. To rest jurisdiction solely on that basis would violate "traditional notions of fair play and substantial justice." *Kulko v. California Superior Court*, 436 U.S. at 92, 98 S.Ct. at 1696. Clearly there is no nexus between Delaware and the acts complained of since these acts do not arise out of or relate to any breaches of duties imposed on the individual Defendants by the very laws which empowered the Defendants to act in their corporate capacities. These duties and obligations specifically include statutory and nonstatutory fiduciary duties owed the corporation and its shareholders. Thus, the qualitative contacts of the Defendants with Delaware and the litigation are waterish at most. To subject these Defendants to personal jurisdiction under 10 *Del.C.* § 3114 would be constitutionally impermissible. Although the dismissal of an action is a drastic remedy, resort to it becomes necessary when the facts and circumstances of a particular case call for adherence to the Constitution as a priority.

For the foregoing reasons, the Court lacks personal jurisdiction over the remaining three individual Defendants. The motion to dismiss as it relates to these three individual Defendants is granted. It should be noted that any potential actions against the directors for breach of fiduciary duties is not affected by this decision.

IT IS SO ORDERED.

