**PRUDENTIAL–BACHE SECURITIES, INC., Plaintiff,**

**v.**

**FRANZ MANUFACTURING COMPANY and H. Barry Musgrove, Defendants.**

Superior Court of Delaware, New Castle County.

Submitted: June 19, 1987.
Decided: July 29, 1987.

Charles S. Crompton, Jr., of Potter, Anderson and Corroon, Wilmington, for plaintiff.

Paul P. Welsh, and Palmer L. Whisenant, of Morris, Nichols, Arsht and Tunnell, Wilmington, for defendants.

MARTIN, Judge.

Prudential-Bache Securities, Inc. ("Prudential-Bache" or "plaintiff"), a Delaware corporation, seeks to recover from Franz Manufacturing Company ("Franz"), a Delaware corporation with its principal place of business in Illinois, and H. Barry Mus-

grove, a Franz director, certain fees for its services allegedly owed under a contract. Prudential-Bache's charges against Musgrove are set forth as follows:

34. Musgrove, in his individual capacity and as representative and principal of the S–F Group, has maliciously and intentionally, and without cause or justification, induced Frantz to breach its promise to pay the fee due Prudential-Bache under the terms of the Agreement. Musgrove's interference with the contractual relationship between Franz and Prudential-Bache was intended to bestow a benefit upon himself and others similarly situated in the S–F Group by limiting the obligations of Franz that the S–F Group now substantially owns and fully controls.

35. By reason of Musgrove's interference with the contractual relationship between Prudential-Bache and Frantz, Frantz was caused to breach the Agreement.

Prudential-Bache does not dispute the fact that the activities allegedly constituting Musgrove's interference with the contract occurred in Illinois. Musgrove has moved to dismiss the action against him for, among other things, lack of personal jurisdiction. Musgrove argues that the corporate directors long-arm statute relied upon by the plaintiff, found at 10 *Del.C.* § 3114, does not confer personal jurisdiction over him on the instant facts.

Section 3114 provides the statutory means by which Delaware courts may exert personal jurisdiction over nonresident corporate officials. The statute achieves this by mandating that directors and other specified corporate officials shall be deemed to have consented to substitute service on an in-state agent or the Secretary of State.[1] Judicial interpretation of the statute has established, however, that mere status as a director of a Delaware corporation, without more, is insufficient to satisfy the constitutional requirements traditionally associated with *in personam* jurisdiction.[2] The language of section 3114 itself clearly requires more than mere status as a director of a Delaware corporation in order to effect personal jurisdiction under its terms. Personal jurisdiction over a nonresident director lies:

in all civil actions or proceedings brought in this State, by or on behalf of, or against such corporation, in which such director, trustee or member is a neces-

1. Title 10, *Del.C.* § 3114(a) provides:

(a) Every nonresident of this State who after September 1, 1977, accepts election or appointment as a director, trustee or member of the governing body of a corporation organized under the laws of this State or who after June 30, 1978, serves in such capacity and every resident of this State who so accepts election or appointment or serves in such capacity and thereafter removes his residence from this State shall, by such acceptance or by such service, be deemed thereby to have consented to the appointment of the registered agent of such corporation (or, if there is none, the Secretary of State) as his agent upon whom service of process may be made in all civil actions or proceedings brought in this State, by or on behalf of, or against such corporation, in which such director, trustee or member is a necessary or proper party, or in any action or proceeding against such director, trustee or member for violation of his duty in such capacity whether or not he continues to serve as such director, trustee or member at the time suit is commenced. Such acceptance or service as such director, trustee or member shall be a signification of the consent of such director, trustee or member

that any process when so served shall be of the same legal force and validity as if served upon such director, trustee or member within this State and such appointment of the registered agent (or, if there is none, the Secretary of State) shall be irrevocable.

2. Delaware law recognizes that "[i]f the statute permits *in personam* jurisdiction over a director, it must be because a qualitative rather than a quantitative analysis shows such a relationship between the 'defendant, the forum, and the litigation' ... that the exercise of such jurisdiction does not offend traditional notions of fair play and substantial justice." *Pestolite, Inc. v. Cordura Corporation,* Del.Super., 449 A.2d 263, 265 (1982) (quoting *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 2580, 53 L.Ed.2d 683 (1977)). Applying these principles to determine the constitutionality of § 3114 the Delaware Supreme Court noted in *Armstrong v. Pomerance,* Del.Supr., 423 A.2d 174 (1980) that "[section] 3114 authorizes jurisdiction only in actions which are inextricably bound up in Delaware law and where Delaware has a strong interest in providing a forum and redress of injuries inflicted upon or by a Delaware domiciliary, i.e., the Delaware corporation." *Id.,* at 176 n. 5.

sary or proper party, or in any action or proceeding against such director, trustee or member for violation of his duty in such capacity....

These words have been construed to permit jurisdiction over nonresident directors of Delaware corporations only when necessary to define, regulate, and enforce the fiduciary duties and obligations of such individuals to their Delaware corporation and its shareholders. *See Hana Ranch, Inc. v. Lent,* Del.Ch., 424 A.2d 28, 30 (1980); *Pestolite, Inc.,* supra note 2, at 266. This limitation, consistent with both the language of the statute and its legislative purpose,[3] guarantees that actions properly brought under its terms will encompass the qualitative relationship between defendant, forum, and litigation necessary for a constitutionally permissable exercise of personal jurisdiction over a nonresident defendant. *See Armstrong,* supra note 2, at 176–79.

 In support of the application of § 3114 to effect personal jurisdiction over Musgrove in the present case, Prudential-Bache argues that Musgrove engaged in a breach of the fiduciary duties owed in his capacity as director of his co-defendant Franz Manufacturing Company. Prudential-Bache thus relies on Delaware's "substantial interest in defining, regulating and enforcing the fiduciary obligations which directors of Delaware corporations owe to such corporations and the shareholders who elected them"[4] to bring this action

within the reach of the jurisdictional statute. The difficulty with this argument is that Prudential-Bache is not an entity to whom Musgrove owes a fiduciary duty but is rather, at most, a creditor. Creditors' rights arise from contract and do not, by themselves, implicate the fiduciary duties officers owe their corporations and shareholders. Thus while Franz shareholders or the corporation itself may have a right of action against Musgrove for breach of his fiduciary duties, Prudential-Bache, as a mere creditor, is without standing to assert such a claim. *See, e.g., Katz v. Oak Industries, Inc.,* Del.Ch., 508 A.2d 873, 878–79 (1986). Plaintiff's cause of action against Musgrove therefore cannot be characterized as an action "against such director, trustee or member for violation of his duty in such capacity." 10 *Del.C.* § 3114. The claim against Musgrove falls outside the scope of the statute and jurisdiction cannot attach. Musgrove's motion to dismiss the action against him must accordingly be granted on the ground that the Court lacks personal jurisdiction over him.

IT IS SO ORDERED.

3. The legislative synopsis accompanying the provision states in part:

Delaware has a substantial interest in defining, regulating and enforcing the fiduciary obligations which directors of Delaware corporations owe to such corporations and the shareholders who elected them. In promoting that interest it is essential that Delaware afford a convenient and available forum for supervising the affairs of Delaware corporations and the conduct of directors of Delaware corporations. This legislation is designed to accomplish that objective.

Legislative Synopsis to Act of July 7, 1977, 61 Del. Laws c. 119, at 328–29, *reprinted in Armstrong,* supra note 2, at 179 n. 8.

4. *See* supra note 3.