KIDDE INDUSTRIES, INC., Plaintiff,

v.

WEAVER CORPORATION, Dover Industries, Inc., Lewis E. Burns, Richard T. Farrell and Rudolf J. Herrmann, Defendants.

Court of Chancery of Delaware,
New Castle County.

Submitted: Feb. 4, 1991.
Decided: April 16, 1991.

Charles S. Crompton, Jr., and Stephen C. Norman of Potter Anderson & Corroon, Wilmington, and Matthew J. Broderick, and Michael J. Salmanson of Dechert Price & Rhoads, Philadelphia, Pa., for plaintiff.

Stuart B. Young, and Teresa C. Fariss of Young, Conaway, Stargatt & Taylor, Wilmington, and Eliot Lauer, Mario DiNatale, and Nancy E. Delaney of Curtis, Mallet–Prevost, Colt & Mosle, New York City, for defendants.

OPINION

CHANDLER, Vice Chancellor.

Defendant Weaver Corporation ("Weaver"), a Delaware corporation, was dissolved effective December 1, 1989. Plaintiff Kidde Industries, Inc. ("Kidde") is a creditor of Weaver.[1] Kidde has filed suit against Weaver for breach of contract and for violations of Title 8 of the *Delaware Code*.[2]

Kidde has also sued Lewis E. Burns, Richard T. Farrell and Rudolf J. Herrmann (the "defendants"), directors of Weaver. The complaint alleges that the defendants failed to make reasonable provisions to pay all claims and obligations known to them at the time they dissolved Weaver, including those obligations owed by Weaver to

---

1. Weaver is the assignee of Kidde's interest with respect to a lease of real property in Kentucky. Kidde remains primarily liable for payments due the lessor under this lease.

2. Dover Industries, Incorporated, has also been sued in this action for breach of contract.

Kidde, in violation of 8 *Del.C.* § 281(b). This is my decision on the defendants' motion to dismiss the complaint against them for lack of personal jurisdiction.

The defendants are nonresidents of Delaware. The plaintiff has attempted to perfect personal jurisdiction over the defendants pursuant to 10 *Del.C.* § 3114 which provides in relevant part:

> Every nonresident of this State who ... accepts election or appointment as a director, trustee or member of the governing body of a corporation organized under the laws of this State ... shall, by such acceptance or by such service, be deemed thereby to have consented to the appointment of the registered agent of such corporation (or, if there is none, the Secretary of State) as his agent upon whom service of process may be made in all civil actions or proceedings brought in this State, by or on behalf of, or against such corporation, in which such director, trustee or member is a necessary or proper party, or in any action or proceeding against such director, trustee or member for violation of his duty in such capacity, whether or not he continues to serve as such director, trustee or member at the time suit is commenced. Such acceptance or service as such director, trustee or member shall be a signification of the consent of such director, trustee or member that any process when so served shall be of the same legal force and validity as if served upon such director, trustee or member within this State....

10 *Del.C.* § 3114(a).

Once Weaver was dissolved, on December 1, 1989, its assets were held in trust for the benefit of both its creditors *and* its stockholders.[3] 10 *Del.C.* § 278; *Gans v. MDR Liquidating Corp.*, Del.Ch., C.A. No. 9630, Hartnett, V.C., 1990 WL 2851 (Jan. 10, 1990) (citing *Heaney v. Riddle*, 343 Pa. 453, 23 A.2d 456, 457 (1942); *Snyder v. Nathan*, 353 F.2d 3, 4 (7th Cir.1965); *Camden Mortgage Guaranty & Title Co. v.*

*Haines*, 110 N.J.Eq. 461, 160 A. 413, 415 (1932); *Bovay v. H.M. Byllesby & Co.*, Del. Supr., 38 A.2d 808, 813 (1944); and 16A Fletcher, *Cyclopedia of Corporations* § 8217 (rev.perm.ed.1988)).

The basis of the plaintiff's suit against the defendants is that, as a creditor, it was owed fiduciary duties by the defendants. These duties arose, pursuant to Delaware law, upon dissolution of the corporation. 8 *Del.C.* §§ 278, 281(b). Kidde claims that these fiduciary duties were breached, and has filed suit in consequence. Therefore, its action is brought against the defendant directors *in their capacity as directors* and 10 *Del.C.* § 3114 provides jurisdiction. *Gans v. MDR Liquidating Corp., supra.*

The defendants argue that jurisdiction over them has not been perfected on two grounds. First, they argue that despite the language of § 3114 that jurisdiction is conferred over directors of Delaware corporations in *any* actions for violation of their duties as directors, the statute is meant (or has been limited by judicial decision) to apply only to suits brought by the corporation of which the defendants are directors, or by shareholders of that corporation. Second, defendants contend that § 3114, if it extends jurisdiction over them in this situation, is unconstitutional in that it violates the due process requirements of the Federal Constitution. I shall examine these contentions *seriatim.*

■ In support of their argument that § 3114 applies only to suits against directors by the corporation or its shareholders, defendants first point to the legislative history of § 3114, specifically the following language in the legislative synopsis:

> Delaware has a substantial interest in defining, regulating and enforcing the fiduciary obligations which directors of Delaware corporations owe to such corporations and the shareholders who elect them. In promoting that interest it is essential that Delaware afford a convenient and available forum for supervising the affairs of Delaware corporations and

---

**3.** Thus, upon dissolution both creditors and shareholders hold equitable interests in the as-

sets of the corporation.

the conduct of directors of Delaware corporations. The legislation is designed to accomplish that objective....

61 Del.Laws, c. 119 (July 7, 1977), cited in *Armstrong v. Pomerance*, Del.Supr., 423 A.2d 174, 179 n. 8 (1980). Undoubtedly, the Legislature, in drafting § 3114, was concerned with the ability of shareholders to bring derivative suits against nonresident directors. The legislation was drafted in reaction to *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). In that case, the Supreme Court struck down the method which had previously been used in Delaware to achieve jurisdiction over nonresident directors in derivative suits: an *in rem* proceeding based upon the directors' ownership of stock in the corporation. Nothing in the language cited, however, indicates to me that the Legislature meant to exclude jurisdiction over nonresident directors in suits by fiduciaries other than shareholders. To the contrary, the language "in promoting [the fiduciary obligation owed by directors to their corporation and its shareholders] it is essential that Delaware afford a convenient and available forum for supervising the affairs of Delaware corporations and the conduct of directors of Delaware corporations" indicates that the Legislature intended to limit jurisdiction to those cases brought against the directors *as directors* for breaches of their fiduciary duty. The legislative history focuses on the conduct of the directors and not the particular status of the plaintiffs to whom fiduciary duties were owed. In any event, nothing brought to my attention in the legislative history of § 3114 is sufficient to override the clear language of that statute which provides jurisdiction "in *any action or proceeding* against [a] director, trustee or member for violation of his duty *in such capacity.*" Once again, the quoted language focuses on the breach of a director's duty as a fiduciary, not on the particular status of the plaintiff to whom the fiduciary duty is owed.

The defendants next point to *Armstrong v. Pomerance*, Del.Supr., 423 A.2d 174 (1980), as support for the proposition that § 3114 authorizes service only "... when a cause of action is grounded on [a director's] breach of the fiduciary duties owed to the corporation and its owners." 423 A.2d at 176–177 n. 5. Similar language can be found in *Prudential–Bache Securities, Inc. v. Franz Mfg. Co.*, Del.Supr., 531 A.2d 953 (1987); *Pestolite, Inc. v. Cordura Corp.*, Del.Super., 449 A.2d 263 (1982); and *Steinberg v. Prudential–Bache*, Del.Ch., C.A. No. 8173, Jacobs, V.C., 1986 WL 5024 (Apr. 30, 1986). None of those cases, however, address the issue presented here: whether § 3114 provides jurisdiction over a defendant who is alleged to have violated a fiduciary duty that he, *as a director or trustee*, owed to a creditor of the corporation upon dissolution.[4] *Armstrong* and its progeny merely limit jurisdiction under § 3114 to that permissible under *Shaffer v. Heitner.* As interpreted by our courts, the holding in *Shaffer* does not provide for the constitutional exercise of jurisdiction over directors of Delaware corporations based simply on their status as directors. In order for jurisdiction to attach the suit must be based upon a breach of their *duties* as directors. The quoted language of *Armstrong* and its progeny, then, is meant only to address this distinction.

The issue of whether § 3114 authorizes jurisdiction in a suit by creditors against directors of a dissolved corporation based on breach of fiduciary duty to the creditors has been examined by this Court. In *Gans v. MDR Liquidating Corp., supra*, it was held that:

> [T]he individual defendants ... assert that the plaintiffs lack standing to pursue any breach of fiduciary duty claims against them because the plaintiffs are creditors of the [defendant corporation] and are not stockholders. Consequently, the individual defendants claim that 10 *Del.C.* § 3114 cannot be used to obtain *in personam* jurisdiction over them.

---

4. *Armstrong* was a derivative suit; jurisdiction under § 3114 was upheld. *Pestolite* and *Prudential–Bache* involved contract claims; § 3114 was held not to apply. *Steinberg* does not appear to have involved fiduciary duties running from the defendant director to the plaintiff. *See also Hana Ranch v. Lent,* Del.Ch., 424 A.2d 28 (1980).

Generally, a plaintiff must be a stockholder of a corporation in order to have standing to bring a breach of fiduciary duty claim against the corporate directors.... Once a corporation dissolves, however, its assets are held in trust for the benefit of both its creditors and to stockholders.... Consequently, once [the defendant corporation] was dissolved, fiduciary obligations were imposed on its director defendants not only to the former stockholders of the corporation, but also the creditors of the corporation.

*Gans*, slip op. at 21–22 (citations omitted). As a creditor to whom a fiduciary duty was owed, Kidde is entitled to sue the defendants in Delaware for breach of that duty pursuant to 10 *Del.C.* § 3114.

The second prong of defendants' argument is that § 3114, as applied to them, is unconstitutional. Jurisdiction under § 3114 based solely upon a defendant's breach of fiduciary duty as a director has been upheld by our Supreme Court. *Armstrong v. Pomerance, supra.* The precise issue of the constitutionality of basing jurisdiction on § 3114 in suits by creditors of dissolved corporations does not appear to have been addressed, however.[5]

■■■ In determining whether an exercise of jurisdiction violates due process, the inquiry must focus on the relationship among the defendant, the forum and the litigation. *Shaffer v. Heitner, supra; Armstrong v. Pomerance, supra; Prudential–Bache Securities, Inc. v. Franz Mfg. Co., supra.* An exercise of jurisdiction must not offend "traditional notions of fair play and substantial justice." *Inter-*

*national Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In light of these factors, I am presented with the following issue: for due process purposes, is there a meaningful distinction between a stockholder derivative suit against a director, with respect to which jurisdiction under § 3114 has been found constitutional, and a suit based on breach of fiduciary duty brought by corporate creditors. I find that no such distinction exists. Here the defendants, by virtue of becoming directors of a Delaware corporation, have consented to service of process in suits based on breach of their duties as directors. Here, as in many derivative suits, the cause of action does not involve acts which have taken place or which are to take place in Delaware; nor do the defendants necessarily have contact with this State beyond their status as directors of Delaware corporations and their implied consent to be sued here for breaches of duties thus incumbent. As in derivative suits, this action is based upon a breach of a duty arising under Delaware law. As do derivative suits, it implicates Delaware's interests, strongly expressed in § 3114, in the regulation of the discharge of the duties of directors of Delaware corporations and in providing a forum for redress of breaches of those duties. From the standpoint of due process, I find no meaningful distinction between this suit for breach of fiduciary duty brought by corporate creditors against the defendant directors, and a similar suit brought by corporate shareholders. The defendants here were on notice that they were subject to the jurisdiction of Delaware courts for breaches of their duty as directors.[6] I can-

---

5. In *Gans v. MDR, supra,* the defendants apparently did not raise issues relating to the constitutionality of § 3114. The Court simply notes that "the constitutionality of 10 *Del.C.* § 3114 has been upheld by several decisions and cannot therefore be seriously challenged."

6. *Compare Shaffer v. Heitner, supra* (defendants unaware that they were liable to be haled into a Delaware court).
   "[T]o the extent that ... jurisdiction over nonresidents is governed by 'traditional notions of fair play and substantial justice,' it would seem that it could now be said that one who, with knowledge of the existence of § 3114,

elects to assume ... the duties and responsibilities of a director of a Delaware corporation, and who elects thereby to take advantage of such benefits and protections as are afforded by the law applicable to Delaware corporations, has purposefully availed himself of the privilege of conducting activities in which Delaware has a strong interest (now statutorily expressed) and as to which, in fact as well as in legal theory, Delaware has a heavy responsibility for supervising to the extent that it has permitted, under its authority, the creation of a legal entity in which the public at large may become involved."

not find, therefore, that the exercise of jurisdiction under § 3114 in these circumstances violates "traditional notions of fair play and substantial justice."

For the foregoing reasons, defendants' motion to dismiss the complaint is denied.

IT IS SO ORDERED.

*Armstrong v. Pomerance, supra,* at 178–179 (citation omitted).